PETITION OF HEFFERNAN.

*October 12—November 9, 1943.*

*Cleland P. Fisher* and *George H. Murwin,* both of Janesville, for the petitioner.

*Robert J. Cunningham,* city attorney, and *Otto A. Oestreich* of Janesville, for the respondent.

Fritz, J.   Heffernan alleges in his petition, and contends in support of the above-stated application, that on his appeal, under sec. 62.13 (5) (h), Stats., to the circuit court from the fire and police commission's order it was the duty of the circuit

judge "to consider among other things questions of jurisdictional error presented on said appeal" in view of alleged irregularities and invalidity in the commission's rulings and proceedings in certain specified respects, because of which the petitioner claims the order from which appeal was taken was beyond the jurisdiction of the commission. The grounds stated by the trial court for declining to consider the alleged questions of jurisdictional error were (1) that on an appeal taken under sec. 62.13 (5) (h), Stats., the issue to be determined by the court is limited by that statute to whether upon the evidence the order of the commission was reasonable, and that therefore the only "trial" authorized under that statute is such as is necessary to determine the issue whether there was evidence to support the commission's order; and (2) that if, as Heffernan contends, the commission's order is void on jurisdictional grounds he might have instituted *certiorari* proceedings for relief on such grounds, and having thus an adequate remedy he cannot invoke, on an appeal under sec. 62.13 (5) (h), Stats., the court's superintending power of control.

The trial court rightly concluded that the issue to be determined on an appeal under sec. 62.13 (5) (h), Stats., is limited by a provision therein to whether upon the evidence the order of the board was reasonable. As this court said in passing upon a substantially similar provision in *Clancy v. Fire & Police Commissioners,* 150 Wis. 630, 635, 138 N. W. 109,—

"Upon this retrial the only question to be reviewed by the court is the question, 'Under the evidence was the decision of the board reasonable?' . . . The object evidently was to require that the decision should not be whimsical, capricious, or merely partisan, but a decision founded on some rational view of the evidence."

Likewise there is applicable to sec. 62.13 (5) (h), Stats., the court's statement in the *Clancy Case, supra,* in relation to the statute then under consideration that—

"The law creates a new remedy to meet a new situation. The principle is familiar that under such circumstances the remedy is exclusive and is subject to the conditions and limitations which legislative wisdom has seen fit to throw around it." (p. 633.)

Consequently as the legislature in sec. 62.13 (5) (h), Stats., in creating and authorizing the appeal, expressly prescribed that "The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable," the appeal must be considered limited to the determination of solely that issue; and consequently the court is not authorized to consider or decide on such an appeal questions as to whether the commission acted in excess of its jurisdiction or otherwise committed jurisdictional error, even though error in such respects may constitute cause for invoking in an appropriate proceeding the exercise of the superintending control over inferior courts and jurisdictions which is vested in the circuit court by sec. 8, art. VII, Wis. Const. As this court said in *Borgnis v. Falk Co.* 147 Wis. 327, 359, 133 N. W. 209,—

". . . the question of its [administrative board] jurisdiction is one always open to the courts for review; it cannot itself conclusively settle that question and thus endow itself with power. If no appeal from its conclusions be provided, the question whether it has acted within or exceeded its jurisdiction is always open to the examination and decision of the proper court by writ of *certiorari.*"

In the Workmen's Compensation Act, ch. 102, which was under consideration in the *Borgnis Case, supra,* the legislature, in connection with authorizing, in sec. 102.23, Stats., the commencement of an action in the circuit court for the review of an order or award of the industrial commission, expressly included, among the specified grounds on which such an order or award could be set aside, the ground "That the commission acted without or in excess of its powers." Thus by that provision, the legislature, in connection with authorizing an action

for the judicial review of the commission's order on certain grounds, also authorized the granting of relief in such an action on the ground of jurisdictional error on the part of the commission. Similar provisions expressly authorizing relief on that ground have been included in statutes authorizing an action or appeal to review an order of certain other administrative boards. However, even though there is no such express provision in a statute authorizing an appeal for the judicial review of such an order on other grounds, and even if in such statute it is expressly provided that the appeal thereby authorized shall be the exclusive remedy for a party aggrieved by the order, such party may be granted relief on the grounds that the board acted without authority of law or committed other jurisdictional error rendering its proceedings void when those matters are duly presented to a court of competent jurisdiction in a proceeding which is proper for that purpose. *Lamasco Realty Co. v. Milwaukee,* 242 Wis. 357, 394–396, 8 N. W. (2d) 372, 8 N. W. (2d) 865.

*By the Court.*—The application for leave to bring an original action is denied.