DURKIN, Respondent, v. BOARD OF POLICE & FIRE COMMISSIONERS FOR THE CITY OF MADISON, Appellant.

*No. 10. Argued September 9, 1970.—Decided October 9, 1970.*
(Also reported in 180 N. W. 2d 1.)

114

For the appellant there was a brief by *Jasper, Winner, McCallum & Sauthoff* and *Donald R. McCallum,* all of Madison, and oral argument by *Harry Sauthoff, Jr.*

For the respondent there was a brief by *Lawton & Cates* and *John A. Lawton* and *John C. Carlson,* all of Madison, and oral argument by *Mr. Carlson.*

CONNOR T. HANSEN, J. This appeal presents three issues: (1) Can the circuit court, on motion and after its decision has been rendered, change the nature of the action from a petition for review of an order of the Police & Fire Commissioners to include a petition for writ of certiorari; (2) does a collective bargaining agreement between the City and the Union granting amnesty to firemen who participated in a strike abrogate the right of an elector to file a complaint as provided in sec. 62.13 (5) (b), Stats., and the duty of the Board to

process such a complaint; and (3) was the decision of the Board reasonable?

*Nature of action.*

December 15, 1969, the circuit court entered a memorandum decision determining that the amnesty clause in the contract was valid and that appellant was bound by the clause. Thereafter, the appellant moved the circuit court for rehearing on the ground that its decision determined a jurisdictional question which the court had no authority to determine on appeal pursuant to sec. 62.13 (5) (i), Stats. Then the respondent moved the circuit court to amend the caption of the pleadings *nunc pro tunc* to read, "Appeal of Decision of Board of Police and Fire Commissioners of the City of Madison and Petition for Writ of Certiorari." The circuit court denied appellant's motion for rehearing and granted respondent's motion to amend, and entered judgment accordingly.

Sec. 62.13 (5) (i), Stats., limits the jurisdiction of the circuit court on appeal from an order of the Board of Police & Fire Commissioners to a determination of whether upon the evidence the order of the Board was reasonable. The circuit court is not authorized to decide on such an appeal whether the Board acted in excess of its jurisdiction or otherwise committed jurisdictional error. *Petition of Heffernan* (1943), 244 Wis. 104, 11 N. W. 2d 680. However, where the Board has acted beyond its jurisdiction or upon an incorrect theory of law, judicial review is available in the circuit court by writ of certiorari. *State ex rel. Kaczkowski v. Fire & Police Commissioners* (1967), 33 Wis. 2d 488, 500, 148 N. W. 2d 44, 149 N. W. 2d 547.

The question on this issue is whether the circuit court could grant respondent's motion to amend the caption of the pleadings so that its consideration of the matter

could encompass both a review under sec. 62.13 (5) (i), Stats., and a petition for a writ of certiorari.

This court has held that the labeling of a pleading does not determine the nature of the action, but that it is determined by a consideration of all the allegations of the pleading. *Wesolowski v. Erickson* (1958), 5 Wis. 2d 335, 92 N. W. 2d 898. Respondent's original pleading for review by the circuit court was legally sufficient to constitute both a petition for a writ of certiorari and a petition for review, in that it specifically set forth the jurisdictional errors relied upon and an allegation that the Board's order was unreasonable. Therefore, it was sufficient to invoke the jurisdiction of the circuit court for both certiorari and review.

The defect in caption, being a formal defect, was waived by the appellant when it answered the petition on the merits and participated in the litigation without objection. Sec. 269.51, Stats., provides that objections to the regularity of an appeal are waived by participation in the proceedings of an appellate court.

"269.51 **Irregularities and lack of jurisdiction waived on appeal;** . . . (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other  proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

Under the authority of that section and sec. 269.44, Stats., which gives the court discretion to allow amendments in pleadings and proceedings, the circuit court properly allowed respondent to amend the caption of its

pleading, where, as here, the original pleading was suffi-
cient to invoke the jurisdiction of the circuit court, the
opposing party had notice of the issues to be determined,
and did not object to the nature of the proceedings until
after the court had rendered its decision.

We conclude that the circuit court properly granted
the motion to amend the caption of the pleadings.

*Effect of collective bargaining
agreement upon an elector.*

The collective bargaining agreement between the City
and the Union included a clause by which the City
agreed to dismiss all legal proceedings commenced by it
and pending against the Union and its members, to
waive all other causes of action arising out of the nego-
tiations or the strike, and to refrain from directly or
indirectly commencing an action that would in any way
discipline any employee for participation in the strike.[2]

The narrow issue presented by this case is whether the
amnesty clause above referred to and contained in the
collective bargaining agreement abrogates the statutory
right of an elector to file a complaint with the appellant
contained in sec. 62.13 (5) (b), Stats. We are of the
opinion that it does not.

The first paragraph of the agreement specifically re-
fers to proceedings commenced by the City and to causes

[2] "It is agreed that all legal proceedings commenced by the City
presently pending against the Union and its members shall be
dismissed with prejudice and without costs. It is further agreed
that all causes of action whatsoever by the City which may arise
or have arisen as a result of the negotiation and the strike by
Union members in March, 1969, are hereby waived.

"Consistent with appropriate Wisconsin Statutes, it is the
express policy of the City that it will not directly or indirectly
commence an action that will in any way discipline any member
of the Union or any employee represented by the Union for
having participated in the events leading to the said strike or the
participation therein or for any conduct in connection therewith."

of action by the City. The filing of a complaint by an elector with the Board constitutes neither.

The second paragraph of the agreement recites, "Consistent with appropriate Wisconsin statutes, it is the express policy of the City that *it* will not directly or indirectly commence an action that will in any way discipline. . . ." (Emphasis added.)

It is the contention of the appellant that the processing of the elector's complaint by the appellant constitutes the City indirectly commencing an action to discipline the respondent. However, the elector has a statutory right to file charges and if the city council could somehow foreclose the right of the Board to process charges filed by the elector, it follows that the lawful right of an elector to file charges as provided in sec. 62.13 (5) (b), Stats., would be rendered meaningless. The Board is required to process charges filed with it by an elector in accordance with the statutes of the State of Wisconsin and such rules and regulations as it may adopt which are not inconsistent therewith. The ultimate disposition by the Board of the charges so filed by an elector will be considered later in this opinion.

We find no authority which is particularly helpful on this issue and have considered all authorities advanced by both parties. Among other authorities, our attention has been directed to *Muskego-Norway Consolidated Schools Joint School Dist. No. 9 v. Wisconsin Employment Relations Board* (1967), 35 Wis. 2d 540, 151 N. W. 2d 617, and *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board* (1967), 37 Wis. 2d 483, 155 N. W. 2d 78. Respondent advances an argument on the same principle as that adopted in *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board, supra,* that since sec. 111.70, Stats., was enacted subsequent to sec. 62.13 (5), the latter must yield to sec. 111.70 (4) (i), and thus a city may agree to a provision granting amnesty when entering into a binding, collective bargaining agreement pursuant to sec. 111.70 (4) (i) even

though it would defeat the lawful right of an elector to file charges. The argument, however, assumes that sec. 111.70 (4) (i), does authorize a municipality to agree to an amnesty clause in a collective bargaining agreement which would abrogate the right of an elector to file charges. We find no authority to support such a position.

It is apparent from the position taken by the respective parties that they are interested in a broad decision from this court on the relationship between the Board and the City, and the respective powers, duties and rights of the Board as it relates to a decision by the city council to include an amnesty clause in a collective bargaining agreement with police and firemen. The facts of this case do not dictate such a decision. In the instant case, the firemen returned to duty, and the City sought and was granted a dismissal of the legal proceedings it had initiated against them, all in furtherance of the collective bargaining agreement. The Board itself made an inquiry into the conduct of the firemen, and no individual member of the Board, nor the Board itself, chose to file any charges against any fireman. This case deals solely with a complaint on charges lawfully filed by an elector. Thus, having determined that the city council cannot enter into an agreement which would foreclose an elector from filing charges with the Board, we do not reach the question of whether the Board is bound by the contract between the City and the Union.

### Reasonableness of the board's order.

The Board found that respondent had participated in the firefighters' strike by absenting himself from his assigned hours of duty on the dates of the strike and concluded that in so doing he was guilty of violating sec. 111.70 (4) (l), Stats., and certain rules of the Madison fire department, and of "contumacious conduct endangering the public safety." Respondent was ordered sus-

pended for a period of one hundred eighty days. On review of the Board's order the circuit court held that the amnesty clause was valid, that the Board was bound by the clause, and that its order was therefore unreasonable.

The circuit court, therefore, did not reach the question, "[u]pon the evidence was the order of the board reasonable?" Sec. 62.13 (5) (i), Stats.

We conclude that the case must be remanded to the Board for further proceedings for the reason that the respondent was not afforded due process.

Respondent had notice of and an opportunity to defend against charges that he was guilty of violating sec. 111.70 (4) (1), Stats., and of "contumacious conduct endangering the public safety." The charges filed by the elector against the respondent did not allege that he had violated any rules of the fire department. It appears the respondent had no notice of these alleged rule violations until it was pronounced by the Board that he had so violated the three rules in its written decision filed after the hearing. Due process of law requires that an individual have notice of and an opportunity to defend against charges proffered against him. In *General Electric Co. v. Wisconsin Employment Relations Board* (1958), 3 Wis. 2d 227, 241, 88 N. W. 2d 691, this court held:

"The principle of fair play is an important factor in a consideration of due process of law. Parties in a legal proceeding have a right to be apprised of the issues involved, and to be heard on such issues. A finding or order made in a proceeding in which there has not been a 'full hearing' is a denial of due process and is void. . . ."

No court of review has the means of determining whether the Board would have imposed the same penalty

had it found the respondent in violation of only two of the violations charged in the complaint.

On this appeal, the respondent contends that based upon the evidence before it, the order of the Board was arbitrary and discriminatory and also unreasonable. However, this issue was not passed upon by the circuit court; and also in view of our remand to the Board for further proceedings because of the lack of due process, it is not properly raised in this court. Nevertheless, we would observe that the Board does have the authority to dismiss the complaint after it has been processed if, in its judgment, it should determine such was a proper disposition of the charges filed by the elector. Also, should the Board decide further proceedings are necessary, on the basis of the record now before us, various factors should be taken into consideration by the Board in its ultimate decision. Among these are: (1) The amnesty clause in the agreement which unequivocally sets forth the position of the city council in its relation with the Union and its members; (2) the decision of the Board, as such, and its individual members, not to file charges against any fireman; and (3) the fact that the Board had knowledge of the fact that over 270 firemen participated in the strike and that no charges were filed against anyone except the respondent.

We reach our conclusions as to the disposition of this case upon different grounds than those considered by the circuit court. However, the effect of our decision is that the judgment of the circuit court which reverses the order of the Board of Police & Fire Commissioners is affirmed. That part of the judgment ordering the Madison fire department to forthwith reinstate the respondent, and that he be paid as though he had been in continuous service, is reversed, and the cause is remanded to the Board of Police & Fire Commissioners for further proceedings consistent with this opinion.

*By the Court.*—Affirmed in part; reversed in part, and cause remanded to the Board of Police & Fire Commissioners of the City of Madison. On this appeal, no costs are taxed by either party.

HALLOWS, C. J. (*concurring*). I would reach the question of whether the amnesty clause was valid. In my view, sec. 111.70 (4) (1), Stats., expresses the public policy of this state that municipal employees cannot strike and "such strikes are hereby expressly prohibited." A municipality cannot declare a contrary policy, circumvent, or override this public policy by granting amnesty to public employees who violate this law and endanger public safety. If the public policy expressed by this section is unjust or obsolete, then the legislature should be convinced to change the law. But until that is done, the amnesty clause is against public policy and void.

I agree that the sentence of the Board cannot be sustained because it was based on charges which were not the subject of notice and, therefore, due process was violated. But I must disagree with that part of the majority opinion in which the court makes an observation which tells the Board of Police & Fire Commissioners what it already knows and suggests, in effect, to the Board that it should dismiss the complaint. Under any consideration, not one of these three items makes the illegal acts in disregard of public safety either legal or excusable. Because this court does not know how much of the discipline penalty given by the Board is referrable to the violation of Board rules and how much to the illegal acts, there is no reason to suggest to the Board what this court thinks the result should be. Such action by this court might well be considered by others to be an improper attempt to influence the Board in the performance of its duties and this should be avoided.

ROBERT W. HANSEN, J. (*concurring*). The court majority sets forth facts and factors in this record that

relate to reasonableness of penalty. This writer would go further to meet the issue raised on this appeal as to the penalty imposed by the commission being excessive. I would hold, on this record, that the penalty imposed, suspension for one hundred eighty days, was excessive and unreasonable. To the suggestion that listing mitigating factors tells the board what it knows and what it presumably took into consideration in fixing the penalty, the answer: if it did so, not sufficiently so. The rehearing, if rehearing there be, will, of course, be an entirely new ball game. But as to the record established, at the hearing held, on the issue raised, the writer would hold the outer limits of reasonableness of penalty would have been reached by a thirty or sixty day suspension.