STATE EX REL. Thomas SMITS, Plaintiff-Appellant-Petitioner,

v.

CITY OF DE PERE, Board of Police & Fire Commissioners, Defendant-Respondent.

Supreme Court

*No. 80–414. Argued September 9, 1981.—Decided October 6, 1981.*

(Also reported in 310 N.W.2d 607.)

For the petitioner there were briefs and oral argument by *Ken Bowman* of De Pere.

For the respondent there was a brief and oral argument by *Richard J. Dietz,* city attorney, of De Pere.

WILLIAM G. CALLOW, J.   This is a review of a decision of the court of appeals affirming a judgment of the circuit court for Brown county, Robert J. Parins, Judge, which dismissed petitioner's writ of certiorari.

This dispute arises from the following facts. In December of 1977, the chief of police for the city of De Pere filed nine charges of misconduct with the Board of Police and Fire Commissioners against petitioner, Thomas Smits, a former city of De Pere police officer. Seven of the charges were sustained and Smits' employment was terminated.

Smits appealed the board's decision to the circuit court for Brown county pursuant to sec. 62.13(5)(i), Stats. That court determined that four of the charges were not substantiated by the evidence, reversed the board's order of termination, and on December 29, 1978, remanded the remaining three charges[1] to the board for reevaluation of the sanction.

On April 2, 1979, after a delay of more than three months, the board conducted further proceedings on the remaining three charges and on April 24, 1979, reaffirmed its decision to discharge Officer Smits. Smits again appealed this decision, and the circuit court reversed on the ground that the sanction (termination of employment) was too severe.[2] In his decision of June 25, 1979, Judge Parins issued the following guideline to the board:

"The court is satisfied however that it should supply some guideline to the Board in an effort to finally conclude these proceedings. With that thought in mind, the court suggests to the Board that the appropriate exercise of discretion, under all of the circumstances reflected in the record made in 1978 and 1979, would dictate *suspension without pay not to exceed one year*. (Emphasis added.)

In addition to reversing the board's second order of termination, Judge Parins remanded the following to the board for further proceedings:

[2] We quote the language of the Honorable Robert J. Parins:

"The court is satisfied that the penalty of outright removal and discharge from the service, after 12 years of service, is too harsh a penalty under all of the circumstances of this case. On its initial determination in December, 1978, the court was of the opinion that the penalty of discharge was out of proportion to the violations found to exist, and for that reason remanded the case to the Board for re-evaluation.

"If the court had felt that the discharge of petitioner was fair, it need not have remanded the matter to the Board. The court is satisfied that Mr. Smits' conduct directly and adversely affected the efficient operation of the department and demonstrated a lack of responsiveness to the orders and directions of the supervising authorities. On the other hand, none of the conduct, personal or otherwise, can be characterized as an act of baseness, vileness or depravity. Further, none of the conduct can be described as being illegal or criminal." (Decision of June 25, 1979.)

"1. Reinstatement of Mr. Smits forthwith with pay [to be calculated according to *State ex rel. Schilling & Klingler v. Baird,* 65 Wis. 2d 394, 222 N.W.2d 666 (1974); *State ex rel. Klingler & Schilling v. Baird,* 56 Wis. 2d 460, 202 N.W.2d 31 (1972)] as though he had been in continuous srevice.

"2. Re-evaluation of its order as to impose a sanction appropriate to the findings made by the Board and approved by the court."

On the same day that Judge Parins entered his order of reversal, the board issued an amended order "retroactively" suspending Smits without pay for a period of fifty-two (52) work weeks, which is the equivalent of fifteen (15) months and twelve (12) days. The board's amended order, however, allowed Smits to return to work on July 27, 1979.

Smits did not appeal this order, but he did appear before the board during its regular meetings in October and November, requesting reconsideration of the board's amended order. On November 5, 1979, the board denied Smit's request for reconsideration. Smits then instituted the present certiorari proceedings in the circuit court for Brown county, seeking reversal of the board's amended order on the grounds that it was contrary to the circuit court's final order, contrary to sec. 62.13(5) (i), Stats., and that it resulted from the board's exceeding its jurisdiction or applying an incorrect theory of law.

Judge Parins dismissed the writ of certiorari, holding that the board had acted within its authority. The court of appeals affirmed, holding that the retroactive suspension without pay was legitimate and not contrary to sec. 62.13(5) (i), Stats. Although we agree with the court of appeals that such a retroactive suspension was permissible, we reverse and remand on the issue of the proper sanction in this case.

We perceive the pivotal issue in this case as follows: Did the Board of Police and Fire Commissioners act

within its jurisdiction and apply a correct theory of law in retroactively suspending the petitioner Smits for fifty-two (52) work weeks? We believe not.

At the outset we observe that this matter is properly before the court on the common law writ of certiorari. Sec. 62.13 (5) (i), Stats., provides that on appeal, "[t]he question to be determined by the court shall be: Upon the evidence was the order of the board reasonable?" Nevertheless, where no specific legislative provision exists, the writ of certiorari procedure provides for judicial review of a board's actions. *State ex rel. Kaczkowski v. Fire & Police Commission,* 33 Wis. 2d 488, 148 N.W.2d 44, 149 N.W.2d 547 (1967) ; *State ex. rel. Wasilewski v. Board of School Directors,* 14 Wis. 2d 243, 111 N.W.2d 198 (1961) ; *State ex rel. Heffernan v. Board,* 247 Wis. 77, 18 N.W.2d 461 (1945) ; *Petition of Heffernan,* 244 Wis. 104, 11 N.W.2d 680 (1943). We have, however, stressed the limited nature of the writ.

"Where the legislature provides for a final and conclusive judicial review of the action of a board, commission or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature." *Kaczkowski, supra* at 500.

The general scope of review pursuant to the writ of certiorari is limited to whether a board: (1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence. *Coleman v. Percy,* 96 Wis. 2d 578, 292 N.W.2d 615 (1980) ; *State ex rel. Harris v. Annuity & Pension Board,* 87 Wis. 2d 646, 275 N.W.2d 668 (1979) ; *State ex rel. Ball v. McPhee,* 6 Wis. 2d 190, 199, 94 N.W.2d 711 (1959). Because sec. 62.13

(5) (i) provides for review based on the issue of reasonableness, the potential for overlap narrows our scope of review even further. *Kaczkowski, supra* at ·501. " 'Whether the board kept within its jurisdiction' " and " 'whether it proceeded on ·correct theory of the law' " are not necessarily encompassed in sec. 62.13 (5) (i), and, therefore, the legislature did not provide for judicial review for these two elements. Thus we appropriately ·confine our review in this case to questions of excess of jurisdiction and incorrect theory of law. *Kaczkowski, supra* at 501–02.

This case presents a matter of first impression with respect to the application of the provisions for disciplining police officers and fire fighters pursuant to sec. 62.13 (5), Stats.[3] The specific question regarding retro-

---

[3] Sec. 62.13 (5), Stats., provides:

"(5) DISCIPLINARY ACTIONS AGAINST SUBORDINATES. (a) A sub-ordinate may be suspended as hereinafter provided as a penalty. He may also be suspended by the commission pending the disposition of charges filed against him.

"(b) Charges may be filed against a subordinate by the chief, by a member of the board, by the board as a body, or by any aggrieved person. Such charges shall be in writing and shall be filed with the president of the board. Pending disposition of such charges, the board or chief may suspend such subordinate.

"(c) A subordinate may be suspended for cause by the chief or the board as a penalty. The chief shall file a report of such suspension with the commission immediately upon issuing the suspension. No hearing on such suspension shall be held unless requested by the suspended subordinate. If the subordinate suspended by the chief requests a hearing before the board, the chief shall be required to file charges with the board upon which such suspension was based.

"(d) Following the filing of charges in any case, a copy thereof shall be served upon the person charged. The board shall set date for hearing not less than 10 days nor more than 30 days following service of charges. The hearing on the charges shall be public, and both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses by subpoenas which shall be issued by the president of the board on request and be served as are subpoenas under ch. 885.

activity of a suspension order after a discharge order has been reversed is a unique one before this court, and it calls upon us to interpret certain statutory provisions.

We note that sec. 62.13 (5) (a), Stats., provides for two types of suspensions: one as a penalty and one "pending

"(e) If the board determines that the charges are not sustained, the accused, if he has been suspended, shall be immediately reinstated and all lost pay restored. If the board determines that the charges are sustained, the accused, by order of the board, may be suspended or reduced in rank, or suspended and reduced in rank, or removed, as the good of the service may require.

"(f) Findings and determinations hereunder and orders of suspension, reduction, suspension and reduction, or removal, shall be in writing and, if they follow a hearing, shall be filed within 3 days thereof with the secretary of the board.

"(g) Further rules for the administration of this subsection may be made by the board.

"(h) No person shall be deprived of compensation while suspended pending disposition of charges.

"(i) Any person suspended, reduced, suspended and reduced, or removed by the board may appeal from the order of the board to the circuit court by serving written notice thereof on the secretary of the board within 10 days after the order is filed. Within 5 days thereafter the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes. The action shall then be at issue and shall have precedence over any other cause of a different nature pending in said court, which shall always be open to the trial thereof. The court shall upon application of the accused or of the board fix a date of trial, which shall not be later than 15 days after such application except by agreement. The trial shall be by the court and upon the return of the board, except that the court may require further return or the taking and return of further evidence by the board. The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable? No costs shall be allowed either party and the clerk's fees shall be paid by the city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to his pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive.

"(j) The provisions of pars. (a) to (i) shall apply to disciplinary actions against the chiefs where applicable. In addition thereto, the board may suspend a chief pending disposition of charges filed by the board or by the mayor of the city."

the disposition of charges." Only the former is allowed to be without pay since sec. 62.13(5)(h) mandates that "[n]o person shall be deprived of compensation while suspended pending disposition of charges." *Id.* The chief may order a penalty suspension, but if it is challenged, charges must be filed. Sec. 62.13(5)(c). Once he requests a hearing, the suspended subordinate would, then, have to receive compensation, pending the disposition of those charges.

The issue then, as addressed by the parties, is as follows: When are the charges disposed of, and hence when can a subordinate, under charges, be ordered suspended *without* compensation?

We would conclude that the language of the statute and the progression of its subsections indicates that the charges are disposed of when the *board* makes its findings. Sec. 62.13(5)(h), Stats., providing that a suspended subordinate must receive pay pending disposition of charges, is the last subsection following board procedure. It immediately precedes sub. (i), the judicial review provision which is limited to the review of the reasonableness of the penalty assessed. Subsection (i) also includes a provision for reinstatement and back pay, indicating that the subordinate has been penalized by the time his case is reviewed by the court. The conclusion we reach is as follows: Once the board makes its findings, the charges are disposed of, and the subordinate may be suspended as a penalty without pay. Sec. 62.13 (5)(i) provides that the *reasonableness* of the board's assessed *penalty* may be judicially reviewed. We note that in sub. (i) the legislature has provided for acceleration of the court proceedings: thus, a subordinate who has been unreasonably penalized may, upon application to the court, have that penalty quickly reviewed.

Petitioner next argues that because sec. 62.13(5)(i), Stats., provides that, upon reversal of the board's order, the subordinate "shall be forthwith reinstated and entitled to his pay as though in continuous service," the board cannot turn around and retroactively suspend him *without* pay. Petitioner claims that, because the legislature has mandated reinstatement with back pay, any new sanction imposed by the board must be *prospective* only from the date of the new order.

The board responds that it was within the power of the trial court to remand the disciplinary proceedings to the board (as it did in the final order dated July 18, 1979) so that the board could then properly amend its order to reflect an appropriate penalty. Thus, where the court found that Smits should not be terminated, nothing prevented the board from reevaluating the penalty and imposing a suspension which reached back to the time after the initial hearings were held and findings were entered. The board in fact argues that the suspension was not retroactive at all, but rather prospective from the completion of the due process proceedings before the Police and Fire Commission.

We find that petitioner was correct in concluding that he would be entitled to back pay in a situation where he was wrongfully suspended or removed and was subsequently reinstated. In the present situation, however, petitioner was wrongfully *removed,* but upon reconsideration,[4] a subsequent penalty of suspension was im-

---

[4] The question is raised whether the court had the authority to *remand* under sec. 62.13(5)(i), Stats., which merely addresses whether the court sustains or reverses an order. We believe that the law is well established that a court may reverse *and* remand. *Edmonds v. Board of Fire & Police Commissioners,* 66 Wis. 2d 337, 224 N.W.2d 575 (1975); *Durkin v. Board of Police & Fire Commissioners,* 48 Wis. 2d 112, 180 N.W.2d 1 (1970); *State ex rel. Wasilewski v. Board of School Directors,* 14 Wis. 2d 243, 111 N.W.2d 198

posed. We know of no Wisconsin cases holding that a suspension under sec. 62.13(5), Stats., cannot be retroactive. We would, thus, agree with the court of appeals that a retroactive suspension is proper pursuant to sec. 62.13(5).

Because that suspension order is currently being challenged on a writ of certiorari rather than on appeal, the reasonableness or wrongfulness of that order is not at issue except as to whether the board had jurisdiction or applied an incorrect theory of law. We are troubled by the actions of what we can only perceive to be a recalcitrant board. On December 28, 1978, Judge Parins first reversed the board's findings and remanded the case for imposition of a penalty not out of proportion to the violations found to exist. Yet the board waited in excess of three months, despite the fact that petitioner was under a removal order, to render precisely the same sanction for which this case was first remanded. On appeal, Judge Parins in his order of July 18, 1979, reversed the board's order of termination and remanded the case to the board in order to effectuate a reasonable penalty. In his opinion, Judge Parins established a guideline, or parameter, for determining an appropriate penalty; namely, suspension without pay not to exceed one year.[5]

(1961). We further note that nothing in sec. 62.13(5)(i) prohibits remand.

[5] Judge Parins, in imposing this guideline, was cognizant of the following:

"The court is mindful of the fact that in cases involving internal discipline, it is appropriate to accord a somewhat broader range to the scope of administrative discretion. Usually administrative agencies possess greater proficiency and experience when concerned with the discharge of the functions of the committee than do the courts. Therefore, it is most important that the courts exercise restraint in reviewing matters involving internal discipline and morale.

"The court also recognizes, however, that in this case the Board is drawn from public-spirited citizens who perform the functions of

The board, perhaps engaging in a game of semantics, suspended petitioner for fifty-two (52) work weeks, which is the equivalent of fifteen (15) months and twelve (12) days.

We recognize that it is within the jurisdiction of the board to exercise discretion in setting penalties. This discretion, however, is limited by reasonableness. It is within the province of the court, while not mandating any specific penalty, to set parameters within which the board's discretion may be exercised. A court in setting parameters endeavors to expeditiously resolve controversies and effect their just resolution. This is what Judge Parins endeavored to do when he established the guideline in his June 25, 1979, decision.

The board, in refusing to impose a penalty that was within Judge Parins' guideline, engaged in arbitrary and capricious action. As this court has stated in *Olson v. Rothwell*, 28 Wis. 2d 233, 137 N.W.2d 86 (1965) : "Arbitrary or capricious action on the part of an administrative agency occurs when it can be said that such action is unreasonable or does not have a rational basis. Arbitrary action is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the

commissioners in response to an obligation to provide civic service. The expertise and experience supplied in this case is generated from the police department itself. Courts must be certain that the penalty imposed following a hearing of the kind with which we are here involved does not reflect an extension of the desires of the department head. It must be pointed out that the Board itself is a quasi-judicial body, and in most cases is the only agency available to assure employes of a fair and impartial hearing. In that sense, the statutory authority for the discretion of the Board is designed to be a safeguard that the will of the department head will not be impressed on an employe without an intermediate body to act as the one making the decision." (Decision of June 25, 1979.)

'winnowing and sifting' process." *Id.* at 239 (citations omitted). In refusing to impose a penalty that was within judicial parameters, the board acted in excess of its jurisdiction.

To effectuate and harmonize the circuit court's final order, we reverse and remand this case back to the trial court for purposes of remanding it to the board with directions that it may suspend petitioner one calendar year from April 15, 1978, and that it must provide back pay, calculated pursuant to the formula established in *State ex rel. Klingler and Schilling v. Baird,* 56 Wis. 2d 460, 202 N.W. 2d 31 (1972), to petitioner for that period of time under its amended order that it exceeded this directive. We, therefore, conclude that the writ of certiorari was improperly dismissed, and we reverse and remand to the board for proceedings in accordance with this opinion.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the trial court for remand to the Board of Police and Fire Commissioners for proceedings not inconsistent with this opinion.