Darlene BRACEGIRDLE, Petitioner-Respondent,

v.

State of Wisconsin, DEPARTMENT OF REGULA-
TION & LICENSING, BOARD OF NURSING &
DIVISION OF ENFORCEMENT, Appellant.

Court of Appeals

*No. 90-0289-FT. Submitted on briefs May 11, 1990.—Decided
November 29, 1990.*

(Also reported in 464 N.W.2d 111.)

404

407

For the appellants the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *William H. Wilker,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Daniel T. Flaherty* and *Ellen M. Frantz* of *Johns & Flaherty, S.C.* of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J. The Board of Nursing, Division of Enforcement, state Department of Regulation and Licensing appeals from a judgment reversing the board's order reprimanding Darlene Bracegirdle, a registered nurse, for abusing a patient, contrary to Wis. Adm. Code sec. N 7.04(4) (1985),[1] and awarding Bracegirdle costs

---

[1] Wisconsin Adm. Code sec. N 7.04 (1985) provides in part:

> As used in s. 441.07(1)(d), Stats., "misconduct or unprofessional conduct" means any practice or behavior which violates the minimum standards of the profession necessary for the protection of the health, safety, or welfare of a patient or the public. "Misconduct or unprofessional conduct" includes, but is not limited to, the following:
>
> . . .

and fees under the Equal Access to Justice Act, sec. 814.245, Stats.[2] We affirm.

## BACKGROUND

The board charged that Bracegirdle "used excessive force in the removal of . . . dentures from [resident] J.N.'s mouth, resulting in some bruising of the resident's face," in violation of Wis. Adm. Code sec. N 7.04(4). The incident occurred at Lakeview Health Center Nursing Home, where Bracegirdle was employed as a supervising nurse. Staff made four attempts to remove J.N.'s dentures. Bracegirdle was involved in the third and fourth attempts. She was not aware of the first two attempts until after they had been made but learned that in one of those attempts, J.N.'s mouth had been injured so that he bled. Bracegirdle was charged because of her actions in the third attempt.

The examiner concluded that "[t]he preponderance of the evidence does not show that [Bracegirdle] used excessive force in her attempt to remove dentures from the mouth of J.N. . . .." The examiner therefore proposed to dismiss the board's complaint.

The board adopted the examiner's finding that there was no credible evidence that Bracegirdle used or allowed other staff to use "excessive or inappropriate" physical or verbal methods to persuade J.N. to remove or

(4) Abusing a patient by any single or repeated act of force, violence, harassment, deprivation, neglect, or mental pressure which reasonably could cause physical pain or injury, or mental anguish or fear.

[2]Section 814.245, Stats., provides that, upon motion, the trial court shall award costs and attorney fees to an eligible prevailing party in a judicial review proceeding of state agency action unless it finds that the agency's position was substantially justified.

allow staff to remove his dentures. The board, however, amended the examiner's conclusions of law by striking the reference to the degree of force used by Bracegirdle and adding the following:

> [A]ttempting by the use of verbal and physical encouragement to persuade patient J.N. to open his mouth when he declined to do so constitutes an act of force or mental pressure which reasonably could cause physical pain or injury, or mental anguish or fear, in violation of Wis. Adm. Code sec. N 7.04(4).

In its decision, the board explained that its variance from the examiner's conclusion was based on its conclusion that, where the patient was competent and there were no exigent circumstances, there is "neither reason nor excuse for physically intervening in an attempt to force the resident to act contrary to his will."

The board assessed the costs of the proceedings against Bracegirdle.

## I.
## THE ISSUES

(1)   Was the fairness of the proceedings before the board impaired by a material error in procedure which requires, pursuant to sec. 227.57(4), Stats., that we direct the circuit court to remand the case to the board for further action? Bracegirdle claims that she was denied procedural due process because the board was not an impartial decisionmaker, and because the board did not give her fair notice of the charges against her and an opportunity to be heard.

We conclude that Bracegirdle failed to show that the board was not impartial. We further conclude, however, that the board violated Bracegirdle's right to fair notice and an opportunity to be heard when the board

found that she violated Wis. Adm. Code sec. N 7.04(4) by conduct not charged. Remand to the board for further action is unnecessary, however, because Bracegirdle's acts did not violate Wis. Adm. Code sec. N 7.04(4).

(2) Did Bracegirdle's verbal and physical encouragement to persuade patient J.N. to open his mouth constitute acts of force or mental pressure which reasonably could have caused J.N. physical pain or injury, or mental anguish or fear, in violation of Wis. Adm. Code sec. N 7.04(4)? We conclude that they did not.

(3) Did the circuit court abuse its discretion when it awarded Bracegirdle costs and fees under sec. 814.245, Stats., upon its finding that the board's position was not substantially justified? We conclude that it did not.

## II.
## FAIRNESS OF THE PROCEEDINGS

Section 227.57(4), Stats., provides: "The court shall remand the case to the agency for further action if it finds that . . . the fairness of the proceedings . . . has been impaired by a material error in procedure or a failure to follow prescribed procedure."

Bracegirdle frames the fairness issue in procedural due process terms. She claims that the board violated her right to due process in two respects. First, she was denied the right to an impartial decisionmaker. Second, the board did not give her fair notice and an opportunity to be heard with respect to her conduct which the board found violated Wis. Adm. Code sec. N 7.04(4).

## A.
## Impartial Decisionmaker

Bracegirdle claims that her right to an impartial decisionmaker was violated because the chairperson of

412

the board acted as advisor to the prosecuting attorney in preparing the charges against Bracegirdle, and participated in oral argument before the board and in the board's deliberations and decision to reprimand Bracegirdle.

The board argues that Bracegirdle cannot raise these issues upon her petition for review because she did not raise them in the administrative proceedings. The board relies on *Omernick v. DNR,* 94 Wis. 2d 309, 312, 287 N.W.2d 841, 843 (Ct. App. 1979), *aff'd,* 100 Wis. 2d 234, 301 N.W.2d 437, *cert. denied,* 454 U.S. 883 (1981), which we find inapposite. In *Omernick,* the petitioners were aware that evidence may have been obtained by execution of an allegedly invalid search warrant. They did not raise this issue at the agency level. However, Bracegirdle could not have raised the partiality issue at the agency level. The chairperson's participation in the charging, hearing, and decisionmaking process was not evident to Bracegirdle until after the board announced its decision. Thus, she had no basis to seek to disqualify the chairperson or to move to dismiss the charges because of the chairperson's participation.

The board argues that Bracegirdle waived any objection to the chairperson's participation because she did not move the board for a rehearing under sec. 227.49(1), Stats. Under Sec. 227.49(1), any person aggrieved by an agency's final order *may* file a written petition with the agency for rehearing. However, "[a] petition for rehearing shall not be a prerequisite for appeal or review." Sec. 227.49(1), Stats. Therefore, Bracegirdle did not waive her right to have the fairness of the proceedings before the board reviewed.

413

The board argues that, if the chairperson acted as "advisor" to the board's attorney, that participation did not violate Bracegirdle's right to an impartial decisionmaker. The board contends that acting as an "advisor" falls "far short" of improper participation as an advocate, which *Guthrie v. WERC,* 111 Wis. 2d 447, 460, 331 N.W.2d 331, 337–38 (1983) held violated due process.

In *Guthrie,* the supreme court adopted a *per se* rule that where there has been prior participation as counsel representing any party in any way in earlier proceedings, due process requires that the decisionmaker be disqualified and the decision must be vacated. *Id.* at 461, 331 N.W.2d at 338. Where such is the case, the court concluded that, as a matter of law, the risk of unfairness is "intolerably great." *Id.*

*Guthrie's per se* rule does not apply because the chairperson did not act as counsel for the board. The test which we apply is whether the chairperson's participation created an intolerable risk of unfairness. The board relies on *Withrow v. Larkin,* 421 U.S. 35 (1975), where the Court held that combining the investigatory and adjudicatory functions in a single tribunal did not necessarily create an impermissible risk of bias. *See Guthrie,* 111 Wis. 2d at 455, 331 N.W.2d at 335. In *State ex rel. DeLuca v. Common Council of City of Franklin,* 72 Wis. 2d 672, 242 N.W.2d 689 (1976), the Wisconsin Supreme Court adopted the reasoning of *Withrow.* In *DeLuca,* the city council president preferred charges against DeLuca on the basis of information allegedly within his own knowledge. He subsequently presided over the hearing which resulted in the council removing DeLuca from

public office. As to the council president's role, the supreme court said:

> [T]he combination of bringing the charges and being an adjudicator could result in an intolerably high risk of unfairness if it could be said that this essentially converts the charge bringer into the role of prosecutor. Moreover, *Larkin* points out that there may well be circumstances that:
>
>> ". . . raise a sufficiently great possibility that the adjudicators would be so psychologically wedded to their complaints that they would consciously or unconsciously avoid the appearance of having erred or changed position." *Larkin,* page 57.

*DeLuca,* 72 Wis. 2d at 688, 242 N.W.2d at 697.

The supreme court found that DeLuca's right to an impartial decisionmaker had not been violated because he failed to establish that the council president was "psychologically wedded" to a preordained result. *Id.* at 691, 242 N.W.2d at 699. The court said that "[a]lthough DeLuca was not required to show actual bias, he failed also to show special facts and circumstances to demonstrate that the risk of unfairness was intolerably high." *Id.* at 691–92, 242 N.W.2d at 699.

Bracegirdle has failed to show "special facts and circumstances" which demonstrate that the risk of unfairness to her in the proceedings before the board was, because of the chairperson's participation, "intolerably high." *Larkin* and *DeLuca* emphasize the presumption of honesty and integrity of those who serve as adjudicators in state administrative proceedings. Bracegirdle did not make the "strong showing" necessary to rebut that presumption. *See DeLuca,* 72 Wis. 2d at 687, 242 N.W.2d at 697.

(2)

We next consider whether sec. 227.57(4), Stats.,
requires a higher standard of fairness than the constitu-
tional requirement of due process. We conclude that we
analyze an unfairness claim under sec. 227.57(4) as we do
a procedural due process claim. The requirement of fair-
ness imposed by sec. 227.57(4) merely insures that the
procedure before the administrative agency will meet the
requirements of due process. "Due process in an admin-
istrative proceeding is really a question of the presence
or absence of 'fair play' . . .." *Union State Bank v.
Galecki,* 142 Wis. 2d 118, 126, 417 N.W.2d 60, 64 (Ct.
App. 1987). "Truly, the concern of due process is funda-
mental fairness." *State ex rel. Lyons v. De Valk,* 47 Wis.
2d 200, 205, 177 N.W.2d 106, 108 (1970).

Consistent with our analysis of Bracegirdle's proce-
dural due process claim, we conclude that she has failed
to establish that the chairperson's participation in the
proceedings impaired their fairness.

(3)

Bracegirdle made several offers of proof at the hear-
ing before the agency relating to the fairness and com-
pleteness of the investigation made by the Lakeview
staff and the board's investigator. She does not pursue
her claim that she was thereby deprived of procedural
due process or fairness. She has therefore abandoned
this claim. *Reiman Assocs. v. R/A Advertising, Inc.,* 102
Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 n.1 (Ct. App.
1981).

416

## B.
## The Right to Notice and an Opportunity to be Heard

■

"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau,* 400 U.S. 433, 437 (1971). Bracegirdle had been employed as a registered nurse for more than thirty-two years. Since August 1987, she had been employed by DHSS as a Health Facilities Surveyor, inspecting and supervising nursing homes. Bracegirdle was concerned as to the effect a public reprimand would have on her current and future employment. It is undisputed that she had a "spotless" record. In his closing argument, the board's attorney agreed that this incident was at most, "an unfortunate, untoward incident that occurred in an otherwise blameless career." Bracegirdle was entitled to fair notice of the charges against her and a full hearing to clear her good name and reputation. We conclude that she did not receive these constitutional protections.

In oral argument before the circuit court, the board conceded that its whole case was tried on the board's complaint that Bracegirdle used excessive physical force in attempting to remove the patient's dentures. The following exchange occurred:

> THE COURT: The whole case was tried, all the evidence was presented on the basis of excessive physical force. That's what the case was all about in front of the hearing examiner; wasn't it?

> [BOARD'S COUNSEL]: That's what the parties tried, that's correct.

417

The board's attorney further conceded that the board made no factual finding to substantiate its charge.

What the parties tried was not what the board decided. Fundamental fairness, however, required that the board decide Bracegirdle's "guilt" or "innocence" of the charges against her, not charges based on the board's interpretation of Wis. Adm. Code sec. N 7.04(4), announced for the first time in its decision. Had Bracegirdle been charged with violating the code provision by verbal and physical encouragement of the patient, she may have been able to show by expert testimony that appropriate verbal and physical encouragement of an uncooperative patient does not fall below the minimum standards for the nursing profession.[3]

Several Wisconsin Supreme Court decisions establish that the board denied Bracegirdle procedural due process. In *General Elec. Co. v. Wisconsin Employment Relations Bd.,* 3 Wis. 2d 227, 88 N.W.2d 691 (1958), the union charged General Electric with violating the seniority and transfer provisions of a collective bargaining agreement. The Employment Relations Board concluded that General Electric had not violated these provisions but had violated the wage supplement provision of the agreement. The court held that the board was not entitled to make a finding with respect to a situation not in issue. The court said:

> The principle of fair play is an important factor in a consideration of due process of law. Parties in a legal proceeding have a right to be apprised of the issues involved, and to be heard on such issues. A finding or order made in a proceeding in which there

[3]The board's expert witness testified: "I use a lot of verbal encouragement."

has not been a "full hearing" is a denial of due process and is void.

*Id.* at 241, 88 N.W.2d at 700.

In *Chicago, M., St. P.&P.R.R. v. DILHR,* 62 Wis. 2d 392, 215 N.W.2d 443 (1974), the employer was charged with discriminating against an employee because of his handicap. The department ordered that the employer cease and desist its discriminatory employment practices against the complainant "and like situated employees or applicants." The court held that the order was overbroad. It said: "Findings and recommendation[s] . . . must not be broader than that specified in the notice of hearing." *Id.* at 399, 215 N.W.2d at 447. *See also Wisconsin Tel. Co. v. DILHR,* 68 Wis. 2d 345, 359–60, 228 N.W.2d 649, 657 (1975).

In *Durkin v. Board of Police & Fire Comm'rs,* 48 Wis. 2d 112, 180 N.W.2d 1 (1970), the fire chief was charged in an elector's petition with participating in an illegal strike and contumacious conduct endangering public safety. The board found that he was guilty and that by his conduct he also violated department rules. The court remanded the proceeding to the board because the fire chief was not afforded due process. The court said:

> It appears the respondent had no notice of these alleged rule violations until it was pronounced by the Board that he had so violated the three rules in its written decision filed after the hearing. Due process of law requires that an individual have notice of and an opportunity to defend against charges proffered against him.

*Id.* at 122, 180 N.W.2d at 6.

In *General Electric,* 3 Wis. 2d at 242, 88 N.W.2d at 701, the court noted that sec. 227.09, Stats. (1955), provided that: "Every party to a contested case [before a board] shall be given a clear and concise statement of the issues involved." The substance of that provision is now found in sec. 227.44(2)(c) which provides that the notice of hearing shall include: "A short and plain statement of the matters asserted. If the matters cannot be stated with specificity at the time the notice is served, the notice may be limited to a statement of the issues involved." The proceeding before the board constituted a class 2 proceeding under sec. 227.01(3)(b), Stats. The board was therefore required to comply with sec. 227.44(2)(c).

Section 227.57(4), Stats., requires that the reviewing court remand the case to the agency for further action if it finds that the fairness of the proceedings has been impaired by a material error in procedure. The fact that the board's order is void because it violated Bracegirdle's procedural due process rights does not prevent us from remanding the case to the board for further proceedings upon adequate notice. The proceedings were remanded in *General Electric* and *Durkin.* However, remand is unnecessary in this case because a correct interpretation of Wis. Adm. Code sec. N 7.04(4) requires that the board's order be set aside and the complaint dismissed. Sec. 227.57(5), Stats.

## III.
## INTERPRETATION OF WIS. ADM. CODE SEC. N 7.04(4)

The board relied entirely on Bracegirdle's testimony and did not question her credibility. The facts are there-

fore undisputed. The application of facts to a statute is a question of law. *Local No. 695 v. LIRC,* 154 Wis. 2d 75, 82, 452 N.W.2d 368, 371 (1990). "The black-letter rule is that a court is not bound by an agency's conclusions of law." *Id.* (quoting *West Bend Educ. Ass'n. v. WERC,* 121 Wis. 2d 1, 11, 357 N.W.2d 534, 539 (1984)). However, in some cases, it is appropriate for a court to give deference to an agency's interpretation of a statute. *Id.*

We would give deference to the board's interpretation of Wis. Adm. Code sec. N 7.04(4) if Bracegirdle had been charged with "any practice or behavior which violates the minimum standards of the [nursing] profession . . .." A court would be poorly placed to decide whether the practice or behavior of a registered nurse violated the minimum standards of the profession. However, the board charged Bracegirdle with patient abuse by conduct defined by Wis. Adm. Code sec. N 7.04(4). Whether conduct meets a statutory standard is a question of law. *Nottelson v. DILHR,* 94 Wis. 2d 106, 116, 287 N.W.2d 763, 768 (1980).

The supreme court has stated that when the expertise of the administrative agency is significant to the determination of a legal question, the agency's decision, although not controlling, should be given weight. *Id.* at 117, 287 N.W.2d at 768. It does not appear, however, that the board has developed expertise or a body of precedent that entitles its no-encouragement conclusion to weight. We therefore give no weight to its conclusion that any verbal or physical encouragement of an uncooperative patient constitutes abuse under Wis. Adm. Code sec. N 7.04(4). *See Local No. 695,* 154 Wis. 2d at 84, 452 N.W.2d at 372 (where legal question is concerned and there is no evidence of any special expertise or experi-

ence, weight to be afforded agency interpretation is no weight at all). Further, we are as competent as the board to interpret and apply the administrative rule. *Id.*

We break down Wis. Adm. Code sec. N 7.04(4), as follows: Abusing a patient is misconduct or unprofessional conduct; a patient may be abused by (1) any single or repeated act of force or (2) mental pressure which (3) reasonably could cause physical pain or injury, or (4) mental anguish or fear.

We consider first what verbal encouragement, if any, Bracegirdle gave the patient. She testified: "We went into the room. I asked the resident—that we were in there to not only help him remove his dentures per se, we needed to just take a look. He didn't seem to be very receptive to that." We conclude as a matter of law that such verbal encouragement did not constitute mental pressure on the patient which reasonably could have caused him mental anguish or fear.

We next consider whether the physical encouragement Bracegirdle offered to persuade the patient to open his mouth constituted an act of force which reasonably could have caused the patient physical pain or injury, or mental anguish or fear. Bracegirdle testified that she pressed on J.N.'s chin with her forefinger "so I could see if there was something like a cut . . .." This attempt continued for approximately three minutes. Bracegirdle then went to the utility room and got a tongue depressor. She testified:

> The reason I did that was because if we did get in—get the dentures and so forth, I would be able to do a proper assessment, that is, to tilt the cheeks, press on the tongue, and do a mouth examination to determine the kind of injury, or the extent of the

422

injury, or the proposed [sic] injury that I had been approached with.

Bracegirdle, another nurse and an aide went back to the patient's room. Bracegirdle testified: "I had told [the other nurse] before I went in that there was a questionable injury to this gentleman but it would seem that we would need to get the dentures out; it would be the best way to assess for that type of injury."

The board does not dispute that Bracegirdle's use of a tongue depressor in her attempt to examine the patient's mouth was appropriate. The Lakeview Health Center procedure manual stated that it was appropriate to use a tongue blade to open a resident's mouth.

The board contends that it is immaterial whether Bracegirdle acted to remove the patient's dentures or examine his mouth for an injury. We disagree. We conclude that the board failed to give appropriate weight to the fact that Bracegirdle's "act of force" was taken to examine the patient's mouth for a possible injury.

We conclude, however, that regardless of Bracegirdle's purpose in attempting to physically encourage the patient to open his mouth, her act of asserting a small amount of pressure on the patient's chin by placing her forefinger thereon and pressing down was not, as a matter of law, an act of force "which reasonably could cause physical pain or injury, or mental anguish or fear." In the case of a particularly susceptible patient, such force could constitute abuse. The record establishes, however, that J.N. was not such a patient.

The board created a *per se* rule under Wis. Adm. Code sec. N 7.04(4) that where there are no exigent circumstances requiring an immediate physical interven-

tion and the resident is mentally competent, "there is neither reason nor excuse for physically intervening in an attempt to force the resident to act contrary to his will." We conclude that such a *per se* rule constitutes an erroneous interpretation of Wis. Adm. Code sec. N 7.04(4).

Under sec. 227.57(5), Stats., the reviewing court shall set aside the agency action if the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law. We conclude that directing the circuit court to remand this case to the board for further action under a correct interpretation of the administrative code provision is not appropriate. We are satisfied that the evidence is not sufficient for the board to find, under a correct interpretation of the administrative code provision, that Bracegirdle abused a patient, contrary to Wis. Adm. Code sec. N 7.04(4).

IV.
COSTS AND FEES UNDER SEC. 814.245, STATS.

As the prevailing party, Bracegirdle moved for an award of costs and fees under sec. 814.245(3), Stats., which provides:

> If an individual . . . is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court *shall* award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust. [Emphasis added.]

Bracegirdle's motion was set for hearing. The board did not appear, nor did it respond to Bracegirdle's motion. The board had the burden of establishing that it was substantially justified in taking its position. *See Underwood v. Pierce,* 761 F.2d 1342, 1346 (9th Cir. 1985), *aff'd in part, vacated in part and remanded,* 487 U.S. 552 (1988).[4] (Under Federal Equal Access to Justice Act, government must demonstrate that its position had a reasonable basis in law and in fact.)

Bracegirdle argues that because the board made no effort to demonstrate that there was substantial justification for its position, it therefore "abdicated" that argument. We disagree. We conclude that the board could justify its position based on the record before the agency and the trial court proceedings.

"In evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). We review a trial court's determination as to whether a government agency's position was "substantially justified" for abuse of discretion. *Sheely v. DHSS,* 150 Wis. 2d 320, 337, 442 N.W.2d 1, 9 (1989). "Substantially justified" means having a reasonable basis in law and fact. *Id.* at 337, 442 N.W.2d at 9; sec. 814.245(2)(e), Stats. "To satisfy its burden the government must demonstrate (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection

---

[4]Our interpretation of sec. 814.245, Stats., is guided by federal case law interpreting substantially similar provisions of the federal Equal Access to Justice Act. Sec. 814.245(1), Stats; *Sheely v. DHSS,* 150 Wis. 2d 320, 328, 442 N.W.2d 1, 5 (1989).

between the facts alleged and the legal theory advanced."
*Sheely,* 150 Wis. 2d at 337, 442 N.W.2d at 9 (quoting
*Phil Smidt & Son, Inc. v. NLRB,* 810 F.2d 638, 642 (7th
Cir. 1987)).

The trial court's order for judgment was "based on
the records and proceedings herein and . . . the reasons
expressed by the court in its oral decision [from] the
bench." In its oral decision the court stated:

> When you combine the activities of the board
> with the facts, it almost appears as there was a
> vendetta.
>
> It must be remembered that before Miss
> Bracegirdle ever walked into that room, the patient
> was already bleeding. Nobody brought any charges
> against anybody else who was in that room before
> that.
>
> It's not necessary that I rule on the activities of
> the board. And, accordingly, at this point in time,
> although I am disgusted by them, I will not make
> them part of my ruling.
>
> . . ..
> If there is going to be a motion for costs against
> the agency by Miss Bracegirdle, that should be filed
> appropriately and submitted to the Court. And, if
> there is a dispute, the Court will hold a hearing on
> that issue . . ..

The circuit court did not consider the board's failure
to oppose Bracegirdle's motion. The court expressed sev-
eral reasons for its decision: The complaint failed to
allege that Bracegirdle verbally or mentally abused the
patient; the board failed to call the patient as a witness;
the board's witnesses were not credible; the board repri-
manded Bracegirdle for an offense of which she did not
have notice; the record did not support the board's fac-
tual finding that Bracegirdle put mental pressure on the

426

patient which could reasonably cause physical pain or injury or mental anguish or fear; there was no credible evidence to support the board's finding that Bracegirdle used excessive or inappropriate physical or verbal methods in attempting to get the patient to give up his dentures; and, the board acted as prosecutor and judge.

The record shows that the trial court exercised its discretion and its reasons support its grant of Bracegirdle's motion for costs and fees under sec. 814.245, Stats. We do not necessarily accept all of the trial court's reasons for its decision. However, the total lack of factual support for the board's charging position and its after-the-fact change of position support the award under sec. 814.245, Stats.

The board's charging position was that Bracegirdle "used excessive force in the removal of the dentures from J.N.'s mouth, resulting in some bruising of the resident's face." The fact that the board was unable to prove the charge does not mean that its position was not substantially justified. Losing a case does not raise the presumption that the agency was not substantially justified. *Sheely,* 150 Wis. 2d at 338, 442 N.W.2d at 9. However, the board failed to demonstrate a reasonable basis in truth for the charge alleged. Either the board made an insufficient investigation of the facts or it framed its charge against Bracegirdle without regard to whether the facts would support that charge. In either case, its charging position was not substantially justified.

Nor was the position which the board ultimately took substantially justified. The board's decision was more in the nature of a declaratory interpretation of Wis. Adm. Code sec. N 7.04(4) than an adjudicative decision. The board's change of position came too late to

427

save it from an assessment of costs and fees under sec. 814.245, Stats. The purposes of the Equal Access to Justice Act include compensating a party for the costs of defending against unreasonable government action. It was unreasonable for the board to charge and prosecute Bracegirdle under one interpretation of Wis. Adm. Code sec. N 7.04(4) and to find her in violation of the code provision under a different interpretation. We therefore conclude that the trial court did not abuse its discretion in awarding costs and fees against the board under sec. 814.245, Stats.

*By the Court.*—Judgment affirmed.