2004 WI 60
Chris Gentilli, Petitioner-Appellant,
v.
Board of the Police and Fire Commissioners of the City of Madison, Respondent-Respondent,
Fire Chief Debra H. Amesqua, Intervenor-Respondent.
No. 02-3208.
Supreme Court of Wisconsin.
Oral Argument: April 8, 2004.
Opinion Filed: June 2, 2004.
For the petitioner-appellant there were briefs by Bruce F. Ehlke and Shneidman, Hawks & Ehlke, S.C., Madison, and oral argument by Bruce F. Ehlke.
For the respondent-respondent there was a brief by Scott Herrick and Herrick & Kasdorf, L.L.P., Madison, and oral argument by Scott N. Herrick.
For the intervenor-respondent there was a brief James M. Voss and Carolyn S. Hogg, City Attorney,Madison, and oral argument by Carolyn S. Hogg.
An amicus curiae brief was filed by Gordon E. McQuillen, Madison, on behalf of the Wisconsin Professional Police Association/Law Enforcement Employee Relations Division and the Madison Professional Police Officers Association.
¶ 1 SHIRLEY S. ABRAHAMSON, C.J.
This is an appeal of an order of the Circuit Court for Dane County, Paul B. Higginbotham, Judge. The circuit court dismissed Chris Gentilli's petition for certiorari review of an order of the Board of Police and Fire Commissioners of the City of Madison (PFC board).[1] This case comes before this court on certification by the court of appeals pursuant to Wis. Stat. § (Rule) 809.61 (2001-02).[2]
¶ 2 This case concerns the interaction of Wis. Stat. § 62.13(5)(i), governing circuit court review of an order of a board of police and fire commissioners, and common law certiorari review of such an order. More specifically, the question is whether § 62.13(5)(i) as amended in 1993[3] is the exclusive remedy for Gentilli's claim that the rules he was found to have violated were unconstitutionally vague and overbroad.
¶ 3 We conclude that § 62.13(5)(i) as amended in 1993 is not the exclusive remedy for a claim that the rules a subordinate was found to have violated were unconstitutionally vague and overbroad. The constitutional issues of vagueness or overbreadth of administrative rules that Gentilli raised in his petition for a writ of certiorari are issues of law that even if somewhat overlapping with the issues in the statutory appeal proceeding may be considered under certiorari because they concern whether the PFC board kept within its jurisdiction and proceeded on a correct theory of the law. Accordingly, we conclude that the circuit court erred as a matter of law in quashing the writ of certiorari and dismissing the action without considering the merits of Gentilli's constitutional claims. We remand the certiorari proceeding to the circuit court.

I
¶ 4 The facts are undisputed for purposes of this appeal. During a series of police investigations into drug-related offenses within the City of Madison Fire Department, Gentilli allegedly acknowledged that over a ten-year period he had purchased, possessed, and consumed cocaine and shared cocaine with and provided cocaine to others. His actions did not result in criminal prosecution. In the internal fire department investigation, Gentilli denied many of the admissions he allegedly made in the course of the police investigation.
¶ 5 In September of 2000, Fire Chief Debra H. Amesqua filed charges against Gentilli before the PFC board. After a hearing, the PFC board recommended Gentilli's termination, and the Madison Fire Department discharged him.
¶ 6 Gentilli sought review of the PFC board's order in two parallel actions filed in the circuit court. The first was an appeal of his termination in the circuit court pursuant to the statutory appeal procedures embodied in Wis. Stat. § 62.13(5)(i). This appeal was a review of whether there was "just cause" for the termination.[4] The second was a review of his termination in the circuit court pursuant to a petition for writ of certiorari. This certiorari proceeding sought to determine whether the PFC board had kept within its jurisdiction and proceeded on a correct theory of the law. Both proceedings were assigned to the same branch of the circuit court.
¶ 7 Upon motion of the PFC board, the circuit court held the certiorari action in abeyance while it considered the statutory appeal. The circuit court concluded that Gentilli's termination was supported by just cause under the statutory standards. This circuit court decision is not appealable.
¶ 8 Upon the PFC board's motion, the circuit court dismissed the certiorari action, concluding that all of the issues raised in the petition were "encompassed within the scope of the companion statutory appeal . . . pursuant to 62.13(5), Wis. Stat., and were effectively resolved by the Court's decision in that matter." The matter before this court involves the dismissal of the certiorari action.
¶ 9 Gentilli appeals the dismissal of his certiorari action. In his certiorari petition before the circuit court and in his appeal, Gentilli asserts, among other claims, that the PFC board's order violated his right to due process. Gentilli alleges that the administrative rules relied on by the fire chief to justify his termination were overbroad and vague. Arguing these defects, Gentilli asserts that the PFC board did not keep within its jurisdiction and proceeded on an incorrect theory of law.
¶ 10 The record of the PFC board proceeding, which the circuit court reviewed in the statutory appeal, was not certified to the circuit court in the certiorari proceedings and is not a part of the record in the instant appeal.

II
¶ 11 This case turns on the interpretation of Wis. Stat. § 62.13(5). More specifically, the question of statutory interpretation is whether § 62.13(5), as amended in 1993, proscribes consideration of a constitutional claim of vagueness and overbreadth in a common law certiorari proceeding.
¶ 12 This court decides questions of statutory interpretation independently of the circuit court and court of appeals, but benefiting from their analyses.

III
¶ 13 To resolve this dispute we must examine Wis. Stat. § 62.13 (5), governing an appeal from an order of a board of police and fire commissioners, and common law certiorari.
¶ 14 As a preliminary matter, it is important to understand that significant consequences attach to the use of either the statutory appeal or a certiorari proceeding. Under a statutory appeal, if the order of the board of police and fire commissioners is sustained, it "shall be final and conclusive"; it is not reviewable by an appellate court.[5] In contrast, a circuit court's decision in a certiorari proceeding is reviewable by the court of appeals and this court.
¶ 15 We examine first Wis. Stat. § 62.13(5) governing an appeal from an order of a board of police and fire commissioners.
¶ 16 Under Wis. Stat. § 62.13(5)(i), any person suspended, reduced, suspended and reduced, or removed by a board of police and fire commissioners may appeal from the order to the circuit court.
¶ 17 Prior to 1993, Wis. Stat. § 62.13(5)(i) (1991-92) provided that in this statutory appeal from a board order "[t]he question to be determined by the [circuit] court shall be: Upon the evidence was the order of the board reasonable?"[6] In 1993, § 62.13(5)(i) was amended to provide that in this statutory appeal "[t]he question to be determined by the [circuit] court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused?"[7] Aside from the addition of paragraph (em) and this change in language, § 62.13(5)(i) has remained substantially the same over the years.
¶ 18 Both before and after the 1993 amendment, Wis. Stat. § 62.13(5)(i) governing statutory appeal has provided that if the circuit court sustains the order of the board, the order shall be final and conclusive. The public policy undergirding the finality of the statutory appeal is to balance the benefits of a speedy judicial process against the right of an accused to mount a full defense.[8] Finality limits the negative effects on public employees of long, drawn-out proceedings while allowing the accused a fair hearing.[9]
¶ 19 We turn to the common law writ of certiorari. The right to seek certiorari review of an administrative agency decision exists when statutory review is inadequate or not available.[10] Certiorari does not lie, however, when the legislature has created an exclusive statutory review procedure.[11] Certiorari review of a decision of an administrative agency is limited to questions of law and addresses the following issues:
(1) Whether the board kept within its jurisdiction;
(2) Whether the board proceeded on a correct theory of the law;
(3) Whether the board's action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and
(4) Whether the evidence was such that it might reasonably make the order or determination in question.[12]
¶ 20 In State ex rel. Kaczkowski v. Fire & Police Commissioners of Milwaukee,[13] the court concluded that statutory appeal under Wis. Stat. § 63.13(5)(i) provided an exclusive procedure for a circuit court to determine certain issues, namely whether a board's action was arbitrary, oppressive, or unreasonable, and whether the board could reasonably make the order or determination at issue.[14] These issues, the court held, are encompassed by the standard of review, namely "under the evidence was the decision of the board reasonable."[15] Circuit courts retained jurisdiction to review by certiorari, however, those strictly legal questions that were not or could not have been raised through a statutory judicial review proceeding under § 63.13(5)(i).[16]
¶ 21 Thus, according to Kaczkowski, Wis. Stat. § 62.13(5)(i) is not an exclusive procedure for review of a disciplinary order of a board of police and fire commissioners. The statute merely limits a circuit court's scope of certiorari review,[17] but does not eliminate a circuit court's ability to issue writs of certiorari. Under Kaczkowski, the first two questions a circuit court may address in a certiorari proceeding are not encompassed by Wis. Stat. § 62.13(5), and therefore a circuit court can issue a writ of certiorari to answer those questions.[18] Consequently a circuit court may determine in a certiorari action whether a board of police and fire commissioners kept within its jurisdiction and whether the board proceeded on correct theory of the law.[19] That said, writs of certiorari should be issued sparingly and only when those errors clearly appear.[20]
¶ 22 As the court of appeals noted in its certification, this bifurcated review process set forth in Kaczkowski was followed in subsequent cases decided prior to the adoption of the 1993 amendment.[21]
¶ 23 Since the 1993 amendment, this court and the court of appeals have continued to treat jurisdictional and legal errors of a board of police and fire commissioners as reviewable by a circuit court on a writ of certiorari.[22] For example, in City of Madison v. DWD, 2003 WI 76, ¶33, 262 Wis. 2d 652, 664 N.W.2d 584, the court commented that "there are `two exclusive avenues of review of the determinations of a fire and police commission . . . the appeal procedures provided by the legislature or by means of a writ of certiorari.'"[23]
¶ 24 None of these cases, however, directly raised the issue presented in the instant case: whether the Kaczkowski bifurcated review of an order of a board of police and fire commissioners remains good law after the 1993 amendment.
¶ 25 As we stated previously, the 1993 amendment to Wis. Stat. § 62.13(5) changed the question addressed by a circuit court in a statutory appeal of an order of a board of police and fire commissioners. The former statute required a circuit court to determine whether upon the evidence the order of the board was reasonable.[24] The present amended version requires a circuit court to determine whether upon the evidence there is just cause to sustain the charges against the accused;[25] the 1993 amendment added paragraph (em) setting forth statutory standards for just cause, as we discuss below.
¶ 26 Although under both the pre- and post-1993 statutes a circuit court determines the validity of an order of a board of police and fire commissioners on the basis of the evidence, the PFC board argues that the 1993 amendment expanded the scope of the available statutory appeal and concomitantly narrowed the scope of common law certiorari review.
¶ 27 The 1993 amendment added statutory standards for determining whether "just cause" exists, and the PFC board argues that these new standards, which a board of police and fire commissioners and a circuit court must apply in disciplinary proceedings against subordinates, include matters previously reviewed in a petition for a writ of certiorari. According to the PFC board, these standards provide a comprehensive blueprint for a board of police and fire commissioners and a circuit court to apply in disciplinary proceedings against subordinates. The PFC board argues that this blueprint encompasses and accommodates all arguments Gentilli now seeks to make in this separate certiorari proceeding. In sum, the PFC board asserts that "reasonableness" differs from "just cause," the former being narrower than the latter. The PFC board concludes that after 1993 the statutory standards encompass issues that could have previously been raised in a petition for a writ of certiorari: whether the rule was overbroad or vague, violating due process, or otherwise constitutionally unsound.
¶ 28 The standards adopted in the 1993 amendment for just cause are as follows:
No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable:
1. Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.
2. Whether the rule or order that the subordinate allegedly violated is reasonable.
3. Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.
4. Whether the effort described under subd. 3 was fair and objective.
5. Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.
6. Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.
7. Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.[26]
¶ 29 According to the PFC board, allegations that a rule is unconstitutionally vague and overbroad address the content of the rules and their application and are at the heart of the first two standards of just cause.[27] The PFC board contends that a rule that is vague or overbroad in the constitutional sense is unreasonable and does not provide reasonable notice to a subordinate; it does not satisfy the standards of just cause.[28]
¶ 30 The PFC board further argues that if Gentilli could have made the constitutional claims before the PFC board and the circuit court in his statutory appeal, he is now barred from making the claims in a certiorari proceeding. The PFC board characterizes its position as simple and its conclusion as straightforward: Gentilli was accorded the opportunity in the statutory appeal to state all claims, defenses, challenges, and arguments he wished to advance, and the statutory appeal resolved all issues that Gentilli sought an opportunity to argue or reargue on certiorari.
¶ 31 We do not agree with the PFC board's position for several reasons.
¶ 32 First, the legislature has given no indication in amending the one sentence in the text of Wis. Stat. § 63.15(5)(i) and adding the paragraph (em) standards for just cause that it intended to further limit or eliminate the common law writ of certiorari. Nor do the context, scope, or history of the amendment indicate a legislative intent to limit or eliminate the common law writ of certiorari.
¶ 33 Second, none of the standards enumerated in Wis. Stat. § 62.13(5)(em) for determining "just cause" state that a board of police and fire commissioners or a circuit court should determine whether a PFC board acted in accordance with the law and within its jurisdiction. Thus, on the face of § 62.13(5)(em) and (i), the statutory appeal does not encompass the first two issues to be determined in a petition for a writ of certiorari.
¶ 34 Over the years courts have consistently held that the "final and conclusive" judicial review provided by statute was limited to the sufficiency of the evidence and the relationship between the discipline imposed and the seriousness of the conduct justifying the discipline and that the "reasonableness" standard did not encompass claims of legal error.[29]
¶ 35 Third, although the text of Wis. Stat. § 62.13(5)(i) has changed and § 62.13(5)(em) has been added, the role of a circuit court in a statutory appeal remains the same under both the new and old texts. A circuit court continues to determine whether an order of a board of police and fire commissioners is supported by the evidence. While the post-1993 statute more specifically defines the "just cause" test than the pre-1993 statute defined the "reasonableness" test, both the "just cause" and the "reasonableness" determinations are based "upon the evidence."
¶ 36 Furthermore, the pre-1993 "reasonableness" standard seems to encompass much if not all of the "just cause" standard, and both the "just cause" and the "reasonableness" standards are ultimately based on the proposition that the grounds for an order of a board of police and fire commissioners must be reasonable. Thus even though Gentilli's vagueness and overbreadth allegations may relate to reasonableness, as the PFC board argues, Gentilli's constitutional arguments apparently would have been permitted in certiorari under the pre-1993 "reasonableness" standard and should be permitted in certiorari under the post-1993 "just cause" standard.
¶ 37 Fourth and finally, if the 1993 amendment were interpreted as invalidating the bifurcated review process, appellate court review of the PFC board's exercise of its jurisdiction and the lawfulness of its action would be eliminated. Such an interpretation would undermine the legislative purpose. The legislature has explicitly stated that it intends Wis. Stat. § 62.13 to "be construed as an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments."[30]
¶ 38 Given the lack of precedential value of an unpublished circuit court decision in a Wis. Stat. § 62.13(5)(i) statutory appeal and the finality of the circuit court decision, the legislative policy to provide "uniform regulation of police and fire departments" would be undermined if a circuit court could not review orders of a board of police and fire commissioners on questions of law in a certiorari proceeding and if an appellate court could not independently review a circuit court's rulings on issues of law.[31] Without appellate review and without published appellate decisions that are precedential in all circuit and appellate courts, the legislative policy of "uniform regulation of police and fire departments" could not be achieved.
¶ 39 In sum, the bifurcated system of statutory appeal and certiorari action has apparently functioned well before and after the 1993 amendments to fulfill the legislative purposes, and we see nothing in the 1993 amendment to indicate that the legislature intended to make any change in certiorari review of orders of a board of police and fire commissioners.
¶ 40 The PFC board also argues that the doctrine of issue preclusion estops Gentilli in a certiorari proceeding from relitigating issues that were heard and determined in the Wis. Stat. § 62.13(5) statutory appeal. Issue preclusion wards off endless litigation, ensures the stability of judgments, and guards against inconsistent decisions on the same set of facts. Issue preclusion is ordinarily determined as a matter of discretion by the circuit court on a case-by-case basis.[32] A court balances competing goals in determining whether to invoke the doctrine.
¶ 41 In the present case, a significant factor to balance in applying issue preclusion is that issues of law in a certiorari action are reviewable by an appellate court and that issues arising in a just cause determination in a statutory appeal are not. As we noted previously, the legislature has mandated that Wis. Stat. § 62.13 "be construed as an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments."[33] If this goal is to be achieved, an analysis of just cause by a board of police and fire commissioners and a circuit court should not be the final and conclusive determination of whether the board kept within its jurisdiction and proceeded on a correct theory of the law. These latter issues are subject to independent judicial determination in a certiorari proceeding and in appellate courts.
¶ 42 Accordingly, we conclude that issue preclusion does not apply with respect to a certiorari proceeding subsequent to a § 62.13(5)(i) statutory appeal even though factors that a board of police and fire commissioners and a circuit court might consider in determining just cause under Wis. Stat. § 62.13(5)(em) and (i) might overlap with issues that are subject to a certiorari proceeding, namely whether the board kept within its jurisdiction and proceeded on a correct theory of the law.[34]
¶ 43 For the reasons set forth, we conclude that § 62.13(5)(i) as amended in 1993 is not the exclusive remedy for a claim that the rules a subordinate was found to have violated were unconstitutionally vague and overbroad. The constitutional issues of vagueness or overbreadth of administrative rules that Gentilli raised in his petition for a writ of certiorari are issues of law that, even if somewhat overlapping with the issues in the statutory appeal proceeding, may be considered under certiorari because they concern whether the PFC board kept within its jurisdiction and proceeded on a correct theory of the law. Accordingly, we conclude that the circuit court erred as a matter of law in quashing the writ of certiorari and dismissing the action without considering the merits of Gentilli's constitutional claims.
¶ 44 For the reasons set forth we reverse the order of the circuit court dismissing the certiorari action and remand the cause to the circuit court.
By the Court.The order of the Circuit Court for Dane County is reversed and the cause is remanded to the circuit court.
¶ 45 PATIENCE D. ROGGENSACK, J., did not participate.
NOTES
[1] The fire chief is intervenor-respondent and filed her own brief. The briefs of the PFC board and the fire chief make similar arguments, and for ease of reference, when we refer to the arguments of either or both of them, we shall simply refer to the PFC board.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise indicated.
[3] 1993 Wis. Act 53, §§ 6, 7.
[4] In re Charges of Debra H. Amesqua v. Firefighter Chris Gentilli, Dane County Circuit Court Case No. 01-CV-1659.
[5] Wisconsin Stat. § 62.13(5)(i) provides:

Any person suspended, reduced, suspended and reduced, or removed by the board may appeal from the order of the board to the circuit court by serving written notice of the appeal on the secretary of the board within 10 days after the order is filed. Within 5 days after receiving written notice of the appeal, the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes. The action shall then be at issue and shall have precedence over any other cause of a different nature pending in the court, which shall always be open to the trial thereof. The court shall upon application of the accused or of the board fix a date of trial, which shall not be later than 15 days after such application except by agreement. The trial shall be by the court and upon the return of the board, except that the court may require further return or the taking and return of further evidence by the board. The question to be determined by the court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused? No costs shall be allowed either party and the clerk's fees shall be paid by the city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive (emphasis added).
See also Clancy v. Bd. of Fire & Police Comm'rs of Milwaukee, 150 Wis. 630, 633, 138 N.W. 109 (1912).
The final and conclusive judicial review provided by the statute is limited to determinations of sufficiency of the evidence and the relationship between the discipline imposed and the seriousness of the conduct that was the reason for the discipline. State ex rel. Enk v. Mentkowski, 76 Wis. 2d 565, 572, 252 N.W.2d 28 (1977); Durkin v. Bd. of Police & Fire Comm'rs for Madison, 48 Wis. 2d 112, 117, 180 N.W.2d 1 (1970); State ex rel. Kaczkowski v. Bd. of Fire & Police Comm'rs of Milwaukee, 33 Wis. 2d 488, 500-02, 148 N.W.2d 44 (1967).
[6] Wis. Stat. § 62.13(5)(i) (1991-92).
[7] Wis. Stat. § 62.13(5)(i).
[8] Kaczkowski, 33 Wis. 2d at 497 (citing Clancy, 150 Wis. at 634).
[9] Id.
[10] See, e.g., Franklin v. Housing Auth. of Milwaukee, 155 Wis. 2d 419, 424, 455 N.W.2d 668 (Ct. App. 1990).
[11] Kaczkowski, 33 Wis. 2d at 496.
[12] See Kaczkowski, 33 Wis. 2d at 500 (quoting State ex rel. Ball v. McPhee, 6 Wis. 2d 190, 199, 94 N.W.2d 711 (1959)); State ex rel. Gudlin v. Civil Service Comm'n of West Allis, 27 Wis. 2d 77, 133 N.W.2d 799 (1965); State ex rel. Wasilewski v. Bd. of School Dirs. of Milwaukee, 14 Wis. 2d 243, 111 N.W.2d 197 (1961); Tomaszewski v. Giera, 2003 WI App 65, ¶18, 260 Wis. 2d 569, 659 N.W.2d 882.
[13] 33 Wis. 2d 488, 148 N.W.2d 44 (1967).
[14] Kaczkowski, 33 Wis. 2d at 501.
[15] Id.
[16] Kaczkowski, 33 Wis. 2d at 500 (quoting State ex rel. Ball v. McPhee, 6 Wis. 2d 190, 199, 94 N.W.2d 711 (1959)); State ex rel. Smits v. City of DePere, 104 Wis. 2d 26, 31-32, 310 N.W.2d 607 (1981); Herek v. Police & Fire Comm'n of Menomonee Falls, 226 Wis. 2d 504, 510, 595 N.W.2d 113 (Ct. App. 1999).

See also Petition of Heffernan, 244 Wis. 104, 108, 11 N.W.2d 680 (1943) (jurisdictional errors are beyond the scope of the statutory appeal process and must be addressed by certiorari review); Lamasco Realty Co. v. City of Milwaukee, 242 Wis. 357, 394-396, 8 N.W.2d 372 (1943) (when statutory review is limited, courts may entertain questions of jurisdiction which could not be raised by way of the exclusive statutory process); Borgnis v. Falk Co., 147 Wis. 327, 359, 133 N.W. 209 (1911) (the question of whether a board exceeded its jurisdiction is always open to the examination and decision of the proper court by writ of certiorari).
[17] Kaczkowski, 33 Wis. 2d at 496.
[18] Id. at 501, 504; Borgnis, 147 Wis. at 359.
[19] Kaczkowski, 33 Wis. 2d at 501.
[20] Id. at 504.
[21] See, e.g., State ex rel. Hennekens v. City of River Falls Police & Fire Comm'n, 124 Wis. 2d 413, 419, 369 N.W.2d 670 (1985); Smits, 104 Wis. 2d at 31-32; Enk, 76 Wis. 2d at 572 (whether board applied proper burden of proof was deemed outside the scope of statutory review proceeding); State ex rel. Reedy v. Law Enforcement Disciplinary Comm., 156 Wis. 2d 600, 606, 457 N.W.2d 505 (Ct. App. 1990); Owens v. Bd. of Police & Fire Comm'rs of Beloit, 122 Wis. 2d 449, 451-52, 362 N.W.2d 171 (Ct. App. 1984) (whether board failed to follow its own rules regarding the investigation of the police officer was deemed outside the scope of certiorari proceeding).
[22] City of Madison v. DWD, 2003 WI 76, ¶33, 262 Wis. 2d 652, 664 N.W.2d 584 (citing Kaczkowski, 33 Wis. 2d at 500). See also State ex rel. Heil v. Green Bay Police & Fire Comm'n, 2002 WI App 228, 256 Wis. 2d 1008, 652 N.W.2d 118; Umhoefer v. Police & Fire Comm'n of Mequon, 2002 WI App 217, 257 Wis. 2d 539, 652 N.W.2d 412; Herek v. Police & Fire Comm'n of Menomonee Falls, 226 Wis. 2d 504, 595 N.W.2d 113 (Ct. App. 1999); Younglove v. City of Oak Creek Fire & Police Comm'n, 218 Wis. 2d 133, 579 N.W.2d 294 (Ct. App. 1998).
[23] City of Madison, 262 Wis. 2d 652, ¶33 (quoting Enk, 76 Wis. 2d at 571).
[24] Wis. Stat. § 62.13(5)(i) (1991-92).
[25] Wis. Stat. § 62.13(5)(i).
[26] Wis. Stat. § 62.13(5)(em).
[27] The board also argues that standards 4, 6, and 7 cannot be met if the prosecution is based on a vague and overbroad rule.
[28] The PFC board cites City of Madison v. DWD, 2003 WI 76, 262 Wis. 2d 652, 664 N.W.2d 558, in which the court held that the Equal Rights Division of the Department of Workforce Development could not take jurisdiction over a complaint alleging conviction record discrimination arising out of a disciplinary proceeding under Wis. Stat. § 62.13(5). The court stated that under the just cause standard a rule or discipline that violates a statute cannot be reasonable. 262 Wis. 2d 652, ¶ 28.
[29] See, e.g., Enk, 76 Wis. 2d at 572; Durkin, 48 Wis. 2d at 117; Kaczkowski, 33 Wis. 2d at 500-02.
[30] Wis. Stat. § 62.13(12).
[31] The PFC board argued that the 1993 amendment reduced the application of certiorari. However, no example was cited illustrating when a writ of certiorari would be used under the PFC board's broad view of statutory appeal.
[32] Michelle T. v. Crozier, 173 Wis. 2d 681, 698, 495 N.W.2d 327 (1993).
[33] Wis. Stat. § 62.13(12).
[34] See Umhoefer v. Police & Fire Comm'n of the City of Mequon, 2002 WI App 217, 257 Wis. 2d 539, 652 N.W.2d 412; Herek, 226 Wis. 2d at 510.