COURT OF APPEALS
DECISION
DATED AND FILED

May 11, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1348**

Cir. Ct. No. **2021CV162**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

BUDDY J. SAVICH,

PLAINTIFF-APPELLANT,

JANEL M. SAVICH AND SBA STRUCTURES, LLC,

PLAINTIFFS,

V.

COLUMBIA COUNTY BOARD OF ADJUSTMENTS,
COLUMBIA COUNTY PLANNING & ZONING DEPARTMENT,
TILLMAN INFRASTRUCTURE LLC, AT&T MOBILITY,
CHRIS MCNICOL AND ROBIN MCNICOL,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Reversed and cause remanded for further proceedings.*

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Columbia County Planning and Zoning Department (the "Department") issued a permit for construction of a "mobile [telecommunications] service facility" to Tillman Infrastructure LLC "as agents of" Chris McNicol and Robin McNicol, the owners of the property where the facility would be constructed.[1] Buddy and Janel Savich appealed the Department's decision to issue the permit to the Columbia County Board of Adjustment (the "Board"). The Board affirmed the Department's issuance of the permit.

¶2 The Saviches, pro se, filed a "Complaint and Petition" in the Columbia County circuit court, seeking certiorari review of the Board's decision, the opportunity to engage in discovery, certain "finding[s] or declaration[s]," and damages. The circuit court granted Tillman's motion to dismiss the Saviches' complaint for certiorari review as untimely on the ground that it was filed beyond the 30-day statutory deadline.[2] Buddy Savich ("Savich"), pro se, appeals.[3]

---

[1] The parties refer to a "mobile [telecommunications] service facility" as a "cell tower" and a "telecommunications tower." We follow the Columbia County Board of Adjustment and use the term "facility."

The record indicates that AT&T Mobility LLC contracted with Tillman to construct the facility. We refer to Tillman, the McNicols, and AT&T collectively as "Tillman."

We note that the caption incorrectly refers to the Columbia County Board of Adjustment as the Columbia County Board of Adjustments.

[2] The circuit court also granted Tillman's motion to dismiss what Tillman characterized as the Saviches' claims for declaratory judgment on the ground that certiorari is the exclusive method of review available to the Saviches. As far as we can discern, Tillman's motion was based initially on the Saviches' having "coded this case as a 'declaratory judgment'" and then on the Saviches' assertion in a subsequent motion (on another matter that was not addressed by the

(continued)

¶3      We conclude that the circuit court erred in dismissing the Saviches' complaint seeking certiorari review because Tillman in its motion to dismiss failed to direct the circuit court to any allegations in the complaint or to any features of the documents before the court that showed when the decision was filed that commenced the 30-day period, and therefore Tillman failed to provide sufficient grounds to dismiss the complaint for certiorari review as untimely filed.  In order

---

circuit court) that they also sought a declaration that certain provisions in a county ordinance applicable to the permit at issue are not preempted by "WIS. STAT. § 66.0404" (which governs the siting of cellular communications towers).

We do not discern any such declaratory judgment claim in the Saviches' complaint. Rather, the complaint asks that the circuit court "reverse" the Board and "rescind the permit" based on the allegation that the location of the proposed facility violates a requirement in the applicable county ordinance, "which … requirement does not violate [WIS. STAT. §] 66.0404(4)(c)."  The complaint seeks relief on "certiorari review," on grounds including that the Board, by affirming the permit contrary to the ordinance, "acted outside of its jurisdiction" and "proceeded on an incorrect theory law."  Thus, the only relief sought in the complaint is that which would be obtained on certiorari review.  That is, certiorari review encompasses whether the decision was within its jurisdiction, was based on a correct theory of law, was not arbitrary or oppressive, and was reasonably supported by the evidence, which mirrors what the complaint alleges.  *See* ***Gentilli v. Board of Police & Fire Comm'rs of Madison***, 2004 WI 60, ¶ 19, 272 Wis. 2d 1, 680 N.W.2d 335 (stating the scope of certiorari review).

Because we reverse the circuit court's order dismissing the Saviches' complaint for certiorari review, and because the complaint seeks no relief different from that available on certiorari review, we do not further address the declaratory judgment aspect of the circuit court's order.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

3  Neither of the two other plaintiffs in the circuit court, Janel Savich and SBA Structures, LLC, are parties to this appeal.  We note that SBA separately appealed to the Board the Department's issuance of the permit and separately appealed, by way of an action for certiorari review, to the Columbia County circuit court the Board's decision affirming the Department.  The circuit court consolidated SBA's case with the instant case and issued a decision in favor of SBA, reversing the Board's decision.  The circuit court made that decision after the court granted the motion to dismiss the Saviches' complaint, the decision that is the subject of this appeal.  We further note that an appeal of the decision in favor of SBA is proceeding in this court separately from this appeal.  We do not reference SBA further in this opinion, except in response to an argument by Tillman.

to provide guidance to the circuit court and the parties on remand, we also explain why we conclude that the monetary damages requested in the Saviches' complaint are not available on certiorari review. Accordingly, we reverse and remand for further proceedings.

## DISCUSSION

### I. Tillman fails to show that the complaint for certiorari review was untimely filed.

¶4 Before we address the issue of whether Tillman showed that the complaint was untimely filed, we pause to address an alternative basis offered by Tillman to affirm the circuit court's dismissal of the complaint for certiorari review. Tillman argues that the court "properly exercised its discretion" in dismissing the complaint based on the Saviches' failure to timely respond in writing to Tillman's motion to dismiss. The problem with this argument is that Tillman points to no part of the court's ruling showing that the court exercised its discretion in this manner. Rather, the record shows that at the hearing on the motion the court asked Savich why he had not responded in writing to the motion, heard Savich's explanation, and implicitly rejected Savich's failure to file a written response as a basis for dismissal by not referencing that basis again and proceeding directly to grant the motion to dismiss solely on the merits.

¶5 The pertinent procedural facts are as follows. Tillman filed its motion to dismiss on July 28, 2021, and the circuit court ultimately gave the Saviches until December 13, 2021, to respond to the motion. On December 7, 2021, Tillman moved to consolidate SBA's certiorari action with the Saviches' action, and the actions were consolidated by order dated March 8, 2022. The first hearing in the consolidated cases was scheduled for June 15, 2022, to address

4

SBA's motion for default judgment, based on Tillman's failure to file an answer after the circuit court denied Tillman's motion to dismiss SBA's complaint, which had been filed in November 2021. The only subject matter referred to in the court's notice for that first hearing in the consolidated case was the default judgment motion. By the time of the hearing, the Saviches had not filed a written response to the motion to dismiss.

¶6  At the hearing, as the parties began to present argument on the default judgment motion, counsel for the County defendants advised the circuit court that the default judgment motion should be denied and that it "would be useful" to address Tillman's motion to dismiss at the same hearing. The court heard more argument on the default judgment motion, denied the motion, and proceeded to hear argument from all parties on Tillman's motion to dismiss.

¶7  The circuit court first noted that Savich had not responded in writing to the motion to dismiss. Savich explained that he had been confused by the different motions pending in the consolidated cases, and that, because the notice for the instant hearing referenced only the motion for default judgment, he assumed that the court would set a different date for a hearing on the motion to dismiss. In response, Tillman's counsel briefly summarized Tillman's untimeliness argument based on the two documents it had attached to its motion, and elaborated on its argument that the Saviches' purported claim for declaratory judgment must be dismissed because certiorari is the exclusive method of review of the Board's decision. Savich explained why the Saviches are entitled to pursue a declaratory judgment claim as to the validity of the ordinance that the Saviches had alleged the Board failed to enforce.

¶8 The circuit court then made its ruling, proceeding directly to the merits of the motion and determining that the complaint was untimely filed and that the Saviches are not entitled to declaratory relief on certiorari review. In the course of clarifying its ruling, both Savich and Tillman's counsel continued to present arguments on both the untimeliness and declaratory judgment claim issues, and the court reiterated its ruling as to both issues. The court did not make any ruling based on the Saviches' failure to respond in writing to Tillman's motion to dismiss, or reference any facts, law, or reasoning relevant to a ruling on that basis.

¶9 In sum, we reject this argument because the record shows that the circuit court implicitly rejected it as a basis for granting the motion to dismiss, and Tillman fails to argue that the court erroneously exercised its discretion in so doing.

### A. Applicable Standard of Review and Legal Principles

¶10 "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citing *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205). We do not add facts when analyzing the sufficiency of the complaint, nor do we accept as true any legal conclusions it states. *Data Key Partners, Inc.*, 356 Wis. 2d 665, ¶19. An appellate court "review[s] a [circuit] court's decision to dismiss a complaint de novo." *Fee v. Board of Review*, 2003 WI App 17, ¶7, 259 Wis. 2d 868, 657 N.W.2d 112.

¶11 An otherwise sufficient claim will be dismissed if it is time barred. *Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995). The applicable statute of limitations here is WIS. STAT. § 59.694(10),

which states: "A person aggrieved by any decision of the board of adjustment …
may, within 30 days after the filing of the decision in the office of the board,
commence an action seeking the remedy available by certiorari." Sec. 59.694(10);
*see also* COLUMBIA COUNTY, WIS., ORDINANCES §12.150.04(6) (Amended
July 21, 2021) ("Any persons aggrieved by any decision of the Board of
Adjustment may appeal the decision by filing an action in certiorari in the
Columbia County Circuit Court within 30 days of the filing of the decision, setting
forth that such decision is illegal and specifying the grounds of the illegality.").[4]

¶12     A motion to dismiss for failure to meet a statute of limitations can be
decided on the sufficiency of the facts alleged in the petition when combined with
those facts asserted by the response when there is no conflict. *State ex rel.
Johnson v. Litscher*, 2001 WI App 47, ¶4, 241 Wis. 2d 407, 625 N.W.2d 887.
However, plaintiffs are not required to include in their complaint allegations to
negate a potential statute of limitations defense. *See Robinson v. Mount Sinai
Med. Ctr.*, 137 Wis. 2d 1, 16, 402 N.W.2d 711 (1987) ("We note that, as a general
rule of pleading, plaintiffs are not required to anticipate defenses which defendants
may raise and thus are not required to negative potential defenses in their
complaint.").

¶13     If, on a motion to dismiss based on statute of limitations grounds,
"matters outside of the pleadings are presented to and not excluded by the court,
the motion shall be treated as one for summary judgment and disposed of as

---

[4] All references to the Columbia County Ordinances are to those in the Amended
July 21, 2021 version.  We are aware of no difference in the language that matters
between that version and the version in effect at the time the Board of Adjustment made
its decision in this case.

provided in s. 802.08 [governing motions for summary judgment], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08." WIS. STAT. § 802.06(2)(b).

¶14 "[W]hether the applicable statute of limitations has run on a claim is a question of law" that we also review de novo. *Munger v. Seehafer*, 2016 WI App 89, ¶18, 372 Wis. 2d 749, 890 N.W.2d 22.

¶15 On certiorari review, we review the decision of the Board. *State ex rel. City of Waukesha v. City of Waukesha Bd. of Rev.*, 2021 WI 89, ¶19, 399 Wis. 2d 696, 967 N.W.2d 460. "For certiorari review to be meaningful, however, a board must give the reviewing court something to review." *Lamar Cent. Outdoor, Inc. v. Board of Zoning Appeals of Milwaukee*, 2005 WI 117, ¶26, 284 Wis. 2d 1, 700 N.W.2d 87. Thus, "'boards are generally required to make findings of fact and state reasons for their decisions.'" *Id.* (quoting YOKLEY, ZONING LAW AND PRACTICE § 20-16 at 20-68). "The decision of the board … must contain … reasons for the action taken…. It is not sufficient for the board to give its reasons in the words of the statute[.]" *Lamar*, 284 Wis. 2d 1, ¶28 (alterations in original; quoted source and emphasis omitted). "Without such statement of reasoning, it is impossible for the circuit court to meaningfully review a board's decision, and the value of certiorari review becomes worthless." *Id.*, ¶32; *see also* COLUMBIA COUNTY, WIS., ORDS. § 12.150.04(3)(b) ("The final disposition of an appeal or variance application to the Zoning Board of Adjustment shall be in a form of a written decision signed by the Planning and Zoning Director or Zoning Administrator. Such decision shall state the specific facts that are the basis for the Zoning Board of Adjustment's decision[.]").

¶16    The filing of the Board's decision in the Board's office, which triggers the 30-day period for commencing a certiorari action, occurs with "the delivery of a document to the Board's office that states the Board's decision." *Moreschi v. Village of Williams Bay*, 2020 WI 95, ¶21, 395 Wis. 2d 55, 953 N.W.2d 318.

*B.  Additional Pertinent Background*

¶17    The following background is derived from the allegations in the complaint and two documents attached to Tillman's motion to dismiss, both of which are referenced in the complaint.  *See Soderlund v. Zibolski*, 2016 WI App 6, ¶37, 366 Wis. 2d 579, 874 N.W.2d 561 (under the incorporation by reference doctrine a court may consider a document attached to a motion to dismiss without converting the motion to one for summary judgment if the document was referred to in the plaintiff's complaint and is central to the plaintiff's claim, and its authenticity has not been disputed).[5]

---

[5] We note that both Tillman and the County Board of Adjustment filed in the circuit court, in the SBA case before that case was consolidated with the instant case, affidavits with exhibits that may have been potentially pertinent to the timeliness issue raised in Tillman's motion to dismiss.  However, the circuit court did not consider that material and did not convert the motion to summary judgment.  We likewise do not rely on this material because no party moved to convert the motion to summary judgment and, therefore, we are limited to reviewing the decision on the motion to dismiss.  *See* WIS. STAT. § 802.06(2)(b) (providing the procedure to follow to convert a motion to dismiss on statute of limitations grounds to summary judgment when the parties submit, and the circuit court considers, material outside of the pleadings).

¶18    In the Saviches' appeal to the Board, the Saviches asserted that the Department's decision to issue the permit violated three County ordinances and sought rescission of the permit.[6]

¶19    The Board on April 28, 2021, conducted a public hearing on the Saviches' appeal.  Kurt Calkins, the Director of Planning and Zoning, signed a one-page document that is dated April 28, 2021, and states:  "Based on the record submitted and the testimony given at the hearing on April 28 2021, the Columbia County Board of Adjustment affirms the Department's decision to issue a zoning permit for" the facility (the "April 28 Document").  The Saviches received the April 28 Document on May 26, 2021.

¶20    Alan Kaltenberg, the Chair of the Board, signed an eight-page document that is dated May 25, 2021, and entitled "Findings of Fact, Conclusions of Law and Decision" (the "May 25 Document").  The May 25 Document recounts the background and facts concerning the appeal, describes what occurred at the public hearing before the Board, details the Board's findings of facts, and states the Board's conclusions of law.  The Saviches received the May 25 Document on May 26, 2021.

¶21    On June 25, 2021, the Saviches initiated this action seeking certiorari review of the Board's decision in the Columbia County circuit court.

---

[6] Savich specifically asserted violations of the following Columbia County Ordinance requirements:  (1) imposing a minimum distance between facilities; (2) requiring the applicant to provide a sworn statement containing certain information regarding the applicant's rejection of "collocation" with a preexisting facility; and (3) requiring that the Board balance the applicant's need for the permit against the interests of County citizens generally.

¶22    On July 28, 2021, Tillman moved to dismiss the Saviches' complaint as untimely and for failure to state claims for declaratory judgment and under WIS. STAT. § 66.0404.

*C. Analysis*

¶23    To determine whether the Saviches' complaint for certiorari review was filed within the statutory 30-day period, we must first determine whether the April 28 Document or the May 25 Document constitutes the Board's decision for purposes of the limitations period. We must then determine if the document that constitutes the Board's decision for this purpose was filed in the office of the Board more than 30 days before June 25 (when the Saviches filed their complaint), that is, on or before May 25. As to both determinations, consistent with the law as stated above, our review is confined to the allegations in the complaint and the contents of the two documents attached to the motion to dismiss. *See supra* note 5.

¶24    Tillman argues that the April 28 Document constitutes the Board's decision, and that this document was filed on April 28, so the Saviches were required to file their complaint for certiorari review by May 28. Alternatively, Tillman argues that, if the Board's decision is the May 25 Document, the Saviches were required to file their complaint for certiorari review by June 24 because, Tillman submits, the May 25 Document was filed on May 25. Savich argues that the May 25 Document that was sent to the parties on May 26 constitutes the Board's decision. Savich further argues that there is nothing in the complaint or the two documents that shows that the May 25 Document was filed with the office of the Board on or before May 25. Accordingly, Savich argues, Tillman has not shown that the Saviches did not timely file their complaint for certiorari review

11

when they filed it on June 25, 30 days after May 26. As we explain, we agree with Savich.

¶25 Applying the law summarized above to the April 28 Document, we conclude that this document is not the "decision" of the Board under WIS. STAT. § 59.694(10). As already quoted above, the one-page April 28 Document contains only one sentence: "Based on the record submitted and the testimony given at the hearing on April 28, 2021, the Columbia County Board of Adjustment affirms the Department's decision to issue a zoning permit for a Class 1 Collocation located on tax parcel 11010-453 in the Town of Dekorra." This document does not contain any findings of fact or conclusions of law and does not provide any reasoning for the Board's decision. Accordingly, we conclude that the April 28 Document does not constitute the Board's decision within the meaning of § 59.694(10).[7]

¶26 We turn to the May 25 Document. The May 25 Document, titled "Findings of Fact, Conclusions of Law and Decision," is an eight-page document. It is the only document in the record containing the Board's findings of fact and conclusions of law and explaining the Board's reasons for affirming the Department. Thus, the May 25 Document satisfies the legal standards cited above to constitute the Board's decision. However, it is signed by the Chair of the Board of Adjustment, not by the Zoning and Planning Director or the Zoning Administrator, as required by COLUMBIA COUNTY ORDINANCES

---

[7] Tillman cites an affidavit in which Calkins avers that "on April 28, 2021, I filed Exhibit A in the office of the Columbia County Board of Adjustment and the Columbia County Planning & Zoning Department." However, we have concluded that the April 28 Document is not the Board's decision, and therefore the date of its filing is irrelevant.

§ 12.150.04(3)(b). Tillman argues that the April 28 Document must be the decision at issue because it is the only document that is signed by the Zoning Director. However, Tillman does not argue the converse, that the May 25 Document is not the decision at issue because it is not signed by the Zoning Director or Zoning Administrator. Having explained why the April 28 Document is not the Board's decision, and the parties having presented the May 25 Document as the only other possible decision by the Board, we assume, without deciding, that the May 25 Document is the Board's decision. We now turn to whether there are any allegations in the complaint or any features of the May 25 Document showing that it was filed in the office of the Board on or before May 25.

¶27 As stated above, the Board's decision is filed when a document "that states the Board's decision" is "deliver[ed]" to the Board's office. *Moreschi*, 395 Wis. 2d 55, ¶21. Tillman relies exclusively on two facts: that the May 25 Document was signed and dated on May 25 and that the complaint alleges that the Saviches received the May 25 Document on May 26. But these do not establish when the document was delivered to the Board's office. Creation, signing, mailing or emailing, and filing are of course acts that can and sometimes do occur for a single document on separate days. *See Bruns v. Muniz*, 97 Wis. 2d 742, 743-45, 295 N.W.2d 11 (Ct. App. 1980) (distinguishing the acts of signing, filing, rendering, and delivering a judgment); *see also Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 819-22, 284 N.W.2d 93 (1979) (defining the "filing" of a court document as requiring delivery to and receipt by the Clerk of Courts and concluding that the filing date stamped on the notice is not conclusive of the date of filing). Tillman does not point to any other allegation in the complaint or feature of the May 25 Document that establishes that the

document was filed in the Board's office on or before May 25. Accordingly, Tillman fails to show that the Saviches untimely filed their complaint on June 25.

¶28 Tillman's arguments to the contrary lack merit. Tillman asserts that we may reasonably infer that a document dated on one day was also filed that day, but that assertion is not sufficient to carry its burden of showing that the deadline was missed. It is equally reasonably inferable, absent additional allegations or documentary evidence, that a document signed and dated on one day could simply indicate the completion of a document on that day and that the document was filed in the proper office on some day thereafter, perhaps the day on which it was emailed to the parties.

¶29 Tillman also asserts that Savich's appeal should be deemed untimely because "there was no reason [the Saviches] could not have filed on June 24 or before." This is entirely beside the point. It is absurd to argue that the fact that a party could have filed a complaint before the statutory 30-day period ran renders untimely a complaint that was filed within that statutory period. Similarly unavailing is Tillman's argument that the Saviches should have known from the fact that SBA filed its complaint on June 24 that June 24 was the deadline for filing an action.

¶30 Tillman also asserts that Savich had constructive notice that the Board's decision was filed well before the May 25 Document because COLUMBIA COUNTY ORDINANCES § 12.150.04(3)(a) requires the Board to "immediately" file its minutes showing the vote of each member upon each question being appealed.

COLUMBIA COUNTY ORDS. § 12.150.04(3)(a).[8]  However, Tillman does not explain how this requirement that the Board's minutes be "immediately" filed in the office of the Zoning Administrator should put anyone on notice about when Board decisions are to be filed.  *See* WIS. STAT. § 59.694(10) (tying the 30-day period for commencing a certiorari action to the filing of the Board's decision in the Board's office, not to the filing of the minutes from the corresponding meeting).

¶31     In sum, because the Saviches filed their complaint on June 25, which was 30 days after May 26, and Tillman points to no basis in the record showing that the Board's decision was filed on any day before May 26, the circuit court erred in dismissing their complaint as untimely.[9]

---

[8] COLUMBIA COUNTY ORDINANCES § 12.150.04(3)(a) states:  "The Zoning Board of Adjustment shall keep minutes of its proceedings, showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be immediately filed in the office of the Zoning Administrator, and shall be a public record."

[9] To provide potential assistance for the circuit court and the parties on remand, we observe that, had the court converted the motion to one for summary judgment, there was additional evidence presented by affidavit that apparently would have established that the May 25 Document was filed in the Board's office on May 26.  We now summarize that evidence, which comprises emails, true and correct copies of which were submitted on behalf of the Board by affidavit.

- Rebecca Roeker, legal counsel for the Board, sent the following emails to counsel for the Saviches, SBA, and Tillman in May 2021 communicating the status of the Board's deliberations:

  o In a May 11, 2021 email, Roeker stated that the Board "is still finalizing the Findings of Fact and Conclusions of Law in the above-referenced appeal (Savich/SBA Structures)."

  o In a May 12, 2021 email, Roeker stated that "we estimate that the County Board of Adjustment's Findings of Fact, Conclusions of Law and Decision memorializing the County Board of Adjustment's decision

(continued)

## II. Damages Are Not Available in Certiorari.

¶32 "Certiorari review of a decision of an administrative agency ... addresses the following issues:  (1) Whether the board kept within its jurisdiction; (2) Whether the board proceeded on a correct theory of the law; (3) Whether the board's action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) Whether the evidence was such that it might reasonably make the order or determination in question."  *Gentilli v. Board of Police & Fire Comm'rs of Madison*, 2004 WI 60, ¶19, 272 Wis. 2d 1, 10-11, 680 N.W.2d 335.  The complaint alleges that the Board acted outside of its jurisdiction in refusing to enforce provisions of the applicable County ordinance, that the Board proceeded on an incorrect theory of law in that and other respects, that the

---

rendered at the April 28, 2021 hearing will be filed on or around May 26, 2021."

o On May 26, 2021, Roeker sent an email attaching the May 25 Document. Also on May 26, 2021, and in response to Roeker's email, SBA's counsel sent an email to Roeker and copied to all stating that counsel also received the April 28 Document the morning of May 26, 2021, and asking Roeker to "please advise whether it is this [April 28] document, or instead the [May 25] document … which constitutes the Board's 'decision' for purposes of certiorari ….  In either case, can you please advise if and when the decision has been filed in the office of the board?" Roeker responded to all by email, also on May 26, 2021, that she does "not know who authorized or sent that [April 28] document, and … [w]hile the [Board]'s decision was made … on April 28, 2021, the Findings of Fact, Conclusions of Law and Decision was filed with the County Zoning office today.  As such, the 30-day appeal period set forth in WIS. STAT. s. 59.694(10) starts today.  Please note that I spoke with Chairman Kaltenberg, and he agrees that the 30-day appeal period set forth in WIS. STAT. s. 59.694(10) starts today."

• On May 27, 2021, Susan Fisher, Assistant Corporation Counsel for the County, sent an email to counsel for the Saviches, SBA, and Tillman, stating that "consistent with [Roeker's May 26] email, the County agrees that the 30-day appeal period applicable to a certiorari action started on May 26th."

Board's decision is arbitrary and unreasonable, and that the Board's decision is not supported by substantial evidence.

¶33 The complaint seeks monetary damages if the circuit court affirms the issuance of the permit. However, Savich points to no legal authority supporting the claim for monetary damages on certiorari review, and the law is to the contrary. A circuit court's authority to grant relief on certiorari review is limited to affirming, reversing, or remanding the agency's decision. *State ex rel. Lomax v. Leik*, 154 Wis. 2d 735, 741, 454 N.W.2d 18 (Ct. App. 1990). In view of these limitations on the court's authority to grant relief on certiorari review, it follows that courts may not award monetary damages on certiorari review. *See Coleman v. Percy*, 86 Wis. 2d 336, 341, 272 N.W.2d 118 (Ct. App. 1978) ("Damages may not be awarded on certiorari."). Further, after Tillman argues that Savich cites no legal authority that would entitle him, as the losing party, to monetary damages if the court affirms the issuance of the permit, Savich does not address this argument in his reply brief, which we deem as a concession that it is correct. *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

## CONCLUSION

¶34 For the reasons stated above, we reverse and remand to the circuit court for additional proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.