COURT OF APPEALS
DECISION
DATED AND FILED

March 5, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1086**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV6800

IN COURT OF APPEALS
DISTRICT I

MICHAEL S. PEDEN,

PETITIONER-APPELLANT,

V.

CITY OF MILWAUKEE BOARD OF FIRE AND POLICE COMMISSIONERS,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael S. Peden appeals a circuit court order affirming a decision of the City of Milwaukee Board of Fire and Police Commissioners ("the Board"), which upheld the termination of Peden's employment with the City of Milwaukee Fire Department ("MFD"). As discussed below, we reject Peden's arguments and affirm.

## BACKGROUND

¶2 On June 17, 2020, MFD Chief Mark Rohlfing terminated Peden from his position as a heavy-equipment operator. Rohlfing alleged that Peden had violated multiple rules and regulations stemming from an incident on June 5, 2020. In short, on that date, due to civil unrest, several fire stations were ordered to evacuate and relocate in order to keep personnel safe and remain available to respond to emergencies. Peden, who was on duty, was ordered to transfer to a different station. In response, Peden threatened to "lay up," which is a reference to calling out sick, if he was made to transfer. Peden explained that he believed that Jason Strzelecki, who had allegedly framed him in a past sexual assault case,[1] was scheduled to be working at the other station. Peden did not make any claim that he was actually ill or injured at that time. Due to his refusal to obey the order to transfer, Peden was sent home.

¶3 Peden appealed his termination to the Board, and an administrative hearing was scheduled for October 12, 2020. Prior to the hearing, Peden unsuccessfully sought to obtain materials relating to the sexual assault case and the

---

[1] In 2017, Peden was charged with second-degree sexual assault of another firefighter, Aleah Ellis. Jason Strzelecki, also a firefighter and Ellis's then-boyfriend, was interviewed in the investigation. In 2019, the criminal case was dismissed.

June 5, 2020 incident via open records requests. Subsequently, ten days before the hearing, Peden filed a Motion to Compel Discovery, which was denied.[2] Then, one day before the hearing, Peden filed a Motion for Immediate Production of Exculpatory Evidence. The motion sought audio recordings of meetings relating to Peden's termination, discipline, and charges, an activity log from June 5, 2020, member schedules, Strzelecki's work assignment and changes on June 5, 2020, and records of "who ordered or directed the change [in the MFD's computer assignment program] to 'AWOL' from 'No pay – Failed to Work No Pay.'"

¶4    The administrative hearing took place as scheduled before a three-member panel. At the start of the hearing, the City of Milwaukee Attorney's Office ("the City") agreed to produce all of the materials requested in the Motion for Immediate Production of Exculpatory Evidence.[3] Peden did not request an adjournment to obtain or review the materials.

¶5    The Board heard testimony from multiple witnesses, including Assistant Chief Aaron Lipski, Peden, Rebecca Coffee—Peden's former defense attorney who represented him in the sexual assault case—and psychotherapist Jay Schrinsky, who opined that Peden suffers from posttraumatic stress disorder (PTSD) stemming from the sexual assault case. The Board unanimously concluded that Peden should be terminated.

---

[2] According to the Board's decision, the motion was denied because the Board found it had no authority to enforce a public records request and the statutes do not provide for discovery practice.

[3] Later, the City noted that it was unable to fulfill Peden's request for an audio recording of a disciplinary meeting as no such meeting took place.

3

¶6      Peden filed a statutory appeal pursuant to WIS. STAT. § 62.50 (2021-22)[4] and a petition for a writ of certiorari with the circuit court.  After briefing and argument from the parties, the circuit court affirmed the Board.  The circuit court found that Peden abandoned his request for certiorari review and that the record did not support a conclusion that the Board acted outside its jurisdiction or failed to proceed with a correct theory of law.  In addition, the circuit court found that there was just cause for termination.

¶7      Peden now appeals the denial of his writ of certiorari.[5]  Additional relevant facts are referenced below.

## DISCUSSION

¶8      "When reviewing a petition for a writ of certiorari, we review the Board's decision, not the decision of the circuit court." *Vidmar v. Milwaukee City Bd. of Fire Police Comm'rs*, 2016 WI App 93, ¶13, 372 Wis. 2d 701, 889 N.W.2d 443.  Our review is limited to whether the Board "kept within its jurisdiction and whether it proceeded on a correct theory of law." *Herek v. Police & Fire Comm'n of Menomonee Falls*, 226 Wis. 2d 504, 510, 595 N.W.2d 113 (Ct. App. 1999).  These are "questions of law we review *de novo*." *Vidmar*, 372 Wis. 2d 701, ¶13.

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[5] The circuit court's decision on Peden's statutory appeal is not reviewable by an appellate court. *Gentilli v. Board of Police & Fire Comm'rs*, 2004 WI 60, ¶14, 272 Wis. 2d 1, 680 N.W.2d 335.  When an order of the Board is sustained on a statutory appeal, the order is "final and conclusive." *Id.*

¶9    On appeal, Peden does not challenge whether the Board kept within its jurisdiction.  Rather, Peden contends that the Board failed to proceed on a correct theory of law.

¶10    To start, the parties address whether Peden abandoned his certiorari claims.  Even if we assume that Peden did not abandon his certiorari claims, we conclude that Peden's arguments fail on the merits.

¶11    Peden first argues that his right to due process was violated.  Peden states that he "sought to obtain and present documents and other discoverable materials to assist in the presentation of his defense, including the difficulty he had been subjected to by the MFD in the criminal proceeding, and his resultant PTSD."  According to Peden, the Board prevented him from "obtaining the critical materials relating to the falsehoods perpetrated by existing MFD members and supervisors" and "blocked his efforts to provide the Board with the history of his battle to prevent a serious felony conviction[.]"

¶12    The Board responds that Peden's due process rights were not violated because the materials he claims he needed were not relevant to the violations he faced.  We agree.

¶13    "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  WIS. STAT. § 904.01.  "Evidence which is not relevant is not admissible."  WIS. STAT. § 904.02.

¶14    In this case, Peden was terminated for his refusal to comply with a direct order to transfer to a different station for the duration of his shift during civil

5

unrest. As the City argued in closing at the administrative hearing, "[t]his case boils down to was [Peden] given a direct order? Was he capable of following that direct order? Did he choose not to follow that direct order?" The circumstances surrounding the sexual assault case against Peden were not relevant.

¶15 In addition, during the administrative hearing, Peden elicited evidence regarding the impact the sexual assault case had on his mental health. As Peden acknowledges, the Board heard testimony from his former criminal defense attorney, Coffee. Coffee's testimony included the seriousness of the sexual assault case and Peden's concerns about working with Strzelecki. Peden also presented testimony from Schrinsky, who testified that Peden suffered from PTSD as a result of the sexual assault case. Accordingly, we are not persuaded that a due process violation occurred.

¶16 Second, Peden argues that the Board erred by failing to compel discovery. This appears to repeat Peden's due process argument. As Peden observes, WIS. STAT. § 62.50(16) provides that "each member of the fire and police commission may … secure by its subpoenas both the attendance of witnesses and the production of records *relevant* to the trial and investigation[.]" (Emphasis added.) As discussed above, the circumstances surrounding the sexual assault case against Peden were not relevant to his refusal to comply with an order.

¶17 Third, Peden complains that he was subjected to a "trial by ambush" when he received discovery materials on the day of the hearing. Peden's argument is conclusory and undeveloped. We generally do not address undeveloped and conclusory arguments. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, Peden had the ability to seek an adjournment, *see* WIS. STAT. § 62.50(16), but failed to do so. In fact, at the administrative hearing,

the City stated that if Peden "want[ed] to seek an adjournment and the commissioners here are inclined to give it to him so he can pursue this defense that he's created for himself, we are not going to stand in the way of that…." Peden, however, did not move for an adjournment.

¶18     Fourth, Peden contends that the Board acted contrary to the law when the Board limited his questioning of Chief Lipski. During Lipski's testimony, Peden inquired whether any disciplinary action had been taken against Strzelecki. The City objected, and the hearing examiner sustained the objection. Once again, we are not persuaded this information was relevant. At issue was Peden's failure to follow an order, not whether Strzelecki received any discipline.

¶19     Finally, Peden contends that the Board's decision "ignored the true impact" of his PTSD. The record, however, reflects that the Board discussed Schrinsky's testimony and Peden's PTSD in detail. We will not reweigh the evidence. *See **Herek***, 226 Wis. 2d at 510.

¶20     Therefore, for all of the reasons above, we reject Peden's arguments and affirm.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.